STATE *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY

COMPANY.

Opinion delivered March 2, 1908.

RAILROADS—STATUTES REQUIRING ERECTION OF DEPOT—DEFENSE.—Under special act of February 2, 1907, providing that within sixty days after the passage of the act the appellee should establish a depot at a certain place under penalty for each day's failure to comply therewith, it was a good defense that it was impossible for appellee to build the depot within the designated time, taking into consideration other depots it was bound by law to build at the same time and other work it was required to perform in order to protect its passengers.

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* for appellee.

The plea of appellee raised only the question whether or not the act was a reasonable exercise of the State's police power. That was a question for the court, and it erred in submitting the question to the jury by its instructions 2 and 3. *La. & Ark. Ry. Co.* v. *State,* 85 Ark. 12.

*T. M. Mehaffy* and *J. E. Williams,* for appellee.

The law does not require the performance of an act which it is physically impossible of performance within the time fixed.

Appellee endeavored in good faith to comply with the act. The proof shows it was impossible to do so within the time fixed by the act, which act in its effect exceeds regulation, and its enforcement is equivalent to a taking of property without due process of law. 85 Ark. 12.

If the witnesses testified to facts which justified the jury under the instructions of the court in finding the defendant not guilty, it must be presumed, in the absence of a bill of exceptions, that they testified to facts which justified the court in giving the instructions.

BATTLE, J. By an act entitled "An act to require the St. Louis, Iron Mountain & Southern Railway Company to establish and keep open a depot at Gum Springs, in Clark County, Arkansas, approved February 2, 1907, the General Assembly declared "that within sixty days after the passage of the act the St. Louis, Iron Mountain and Southern Railway Company shall establish and keep open a depot at Gum Springs, in Clark County, Arkansas;" and imposed a fine of not less than fifty nor more than one hundred dollars upon the railway company for failure to do so; and provided that each and every day's failure to comply therewith should constitute a separate offense. Appellee having failed for the space of fifty-six days to comply with the provisions of the act, fifty-six informations, charging each day's failure, were filed by the deputy prosecuting attorney with a justice of the peace having jurisdiction. Judgments in this number of cases were rendered against appellee, and an appeal was taken and granted to the circuit court. Upon motion the cases in the circuit court were consolidated and tried together. The appellee filed its special plea and answer to the indictment, alleging the physical impossibility of compliance with the provisions of the act.

The court instructed the jury as follows on behalf of defendant:

"2. If the jury believe from all the facts and circumstances in evidence that the defendant built, erected and completed the depot in question as soon as it could, taking into consideration other work and other depots it was bound by law

and in order to protect passengers to build at the same time, you will find for the defendant.

"3.  It is not the policy of the law, nor does the law require any one to perform any impossibility; and if the jury, from the evidence in this case, finds that it was impossible for the defendant to build the depot in question sooner than it did, and at the same time do and perform all other work that under the law it had to perform, they will find for the defendant."

The verdict of the jury was not guilty.  The State appealed.

The bill of exceptions fails to state the evidence adduced by the defendant, but says: "J. Cannon and three other competent witnesses testified to facts which justified the jury, under the instructions of the court, in finding the defendant not guilty."

The appellant concedes that the evidence was sufficient to sustain the verdict.

The Constitution of this State declares that "no person shall be deprived of his life, liberty, or property, except by the judgment of his peers or the law of the land;" and that "the right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated, or damaged for public use, without just compensation therefor."  Const. 1874, art. 2, § § 21, 22.  Under the Constitution of this State, no man's property can be arbitrarily taken from him, for any purpose, without just compensation.  Such would be the effect of the act in question if it could force the appellee to pay a fine on account of a failure to build a depot within sixty days after its passage, when it was impossible for it to do so.  Evidence was admissible and was admitted to prove that such was the case.  *Lousiana & Arkansas Railway Company v. State, ante* p. 12.  The record shows that it was sufficient for that purpose.

Judgment affirmed.