WELLS *v.* SHEPARD.

Opinion delivered September 30, 1918.

1. NEGLIGENCE—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.— It was a question for the jury whether one who was injured by an automobile driven on the wrong side of the street while he was standing behind a watermelon wagon within three feet of the curb, was guilty of contributory negligence.

2.  SAME—QUESTION FOR JURY.—Plaintiff was injured while standing behind a wagon which was violently struck by defendant's automobile, which was being driven on the wrong side of the street. The evidence tended to prove that if the chauffeur had had his automobile under control he could have stopped before striking the wagon, and also that he was negligent in turning his car too far, while endeavoring to avoid striking a horse and buggy being driven on the opposite side of the street.  *Held,* that defendant's negligence was for the jury.

3.  DAMAGES—PERSONAL INJURIES—EXCESSIVENESS.—Where the testimony showed that plaintiff's injuries were painful, though not permanent; that he had a cut over his eye, and his right shoulder bruised ; that both legs were bruised from the knees down and the skin was off all around; that at the time of trial, three months after the accident, he could not bend his knee nor walk fast; that he lost a month from work, and.had been earning 33½ cents an hour for nine hours a day at the time he was struck.  *Held* that a verdict of $500 was not excessive.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

### STATEMENT OF FACTS.

Will Shepard sued Charles E. Wells to recover damages for injuries inflicted by an automobile which he alleges was at the time driven by a chauffeur of the defendant in a negligent manner.   The facts as proved by the plaintiff are substantially as follows:

On the morning he received the injury, plaintiff was walking north on Spring Street on the sidewalk on the east side thereof.   Between Seventh and Eighth Streets he saw a watermelon wagon standing about two and a half or three feet from the curb on the west side of the street, with the team headed south.   He walked across the street and was standing behind the wagon looking at the watermelons when he was struck by the car.   The automobile was on the east side of the street going north and was being driven by a one-armed man.   There was a one-horse buggy being driven south on Spring Street between Seventh and Eighth Streets which was also on the east side of the street. The driver of the automobile turned to the left to avoid colliding with a buggy and, also, two pedestrians who were crossing the street.   He missed the horse and buggy and the two negroes crossing the

street, but his car struck the back end of the watermelon wagon with great force and knocked it up against the curb. At the same time the plaintiff was also knocked over on the sidewalk and severely bruised. When found, he was lying in the street where he had been knocked down by the force of the car striking the watermelon wagon. The plaintiff was oblivious of the approach of the car.

According to the testimony of the chauffeur, he turned to the left to avoid the horse and buggy and the two men who were crossing the street. The plaintiff stepped out from behind the wagon without looking towards the street, and the fender of the automobile struck him. The car was running slowly at the time, and the chauffeur stopped it as quick as he could after striking the plaintiff. He stated that he cut the car to keep it from running over the plaintiff and did not hit the watermelon wagon at all. The chauffeur blew his horn when he got to Eighth Street and kept blowing it until after he struck the plaintiff. He turned to the left or west side of the street to keep from running over the horse and buggy and pedestrians that were on the right hand side or the east side of the street.

The jury returned a verdict for the plaintiff for $500, and the defendant has appealed.

*Thomas S. Buzbee, George B. Pugh* and *H. T. Harrison,* for appellant.

1. This was purely an accident and appellant was not liable. The evidence does not justify the verdict.

2. The verdict is excessive. 89 Ark. 9; 101 *Id.* 90; 117 *Id.* 47.

*Fred A. Isgrig* and *Fred A. Snodgress,* for appellee.

1. The testimony sustains the verdict. Negligence was proved.

2. The verdict is not excessive but extremely reasonable. 13 Cyc. 123; 112 S. W. 177; 86 Ark. 587; 13 Cyc. 121, 122, 123; 35 Ark. 492; 89 Ark. 58; 20 L. R. A. (N. S.) 458; 60 Ark. 481; 15 L. R. A. (N. S.) 779; 114

S. W. 230; 88 Ark. 12; 90 *Id.* 64, 108; 74 Ark. 610; 86 S. W. 804.

HART, J., (after stating the facts). It is first insisted by counsel for the defendant that the evidence is not sufficient to warrant the verdict.

The jury might well have found that the plaintiff himself was not negligent. The evidence shows that he was standing on the west side of the street between a watermelon wagon and the curb looking at the watermelons with the view of purchasing one; that the wagon was about two and a half or three feet from the curb. He was lawfully there, and had no reason to suppose that he would be run down by the negligence of the driver of an automobile running north on the opposite side of the street.

The negligence of the defendant was also a question for the jury. The automobile was going north, and it was the duty of the driver to have kept the automobile to the right of any vehicle he was approaching. It is claimed by the defendant that the chauffeur turned the automobile to the left to avoid striking a horse and buggy which was being driven south on the wrong side of the street and also to avoid striking two persons who were walking across the street. The situation of these persons, it is contended, created an emergency, and that the chauffeur was not negligent under the circumstances in turning his automobile to the left.

According to the testimony of the chauffeur himself, his brakes were not working well. In the first place, the jury might have found that he negligently turned his car too far to the left without checking its speed. The jury, too, might have found that if the chauffeur had had his automobile under perfect control, as he should have had on a public street, such as the one in question here, he might have stopped his vehicle before striking the wagon and have prevented the injury. The testimony for the plaintiff shows that the automobile struck the watermelon wagon with such force as to knock it over against the curb two and a half or three feet away. One

can not shield himself behind an emergency created by his own negligence.

It is next insisted that the verdict is excessive. The verdict was for $500. Dr Snodgrass testified that he dressed the wounds of the plaintiff, and that his injuries were not permanent; that the plaintiff had a cut over his eye and that his right shoulder was bruised; that both legs were bruised from the knees down and the skin was off all around; that the plaintiff was not seriously hurt, but had a rather painful injury; that he was dirty and muddy from top to bottom; that he was laid up two weeks before he got well.

According to the testimony of the plaintiff, himself, he could not bend his knee for almost three months after the injury and his knee was badly sprained; he had two cuts on his legs and he was cut pretty well all over; he was laid up for eighteen days and then went back to work but had to go home again for about nine days. The accident occurred in August, 1917, and at the date of the trial, November 2, 1917, the plaintiff could not walk fast on account of his injuries. He was making 33 1-2 cents per hour for nine hours per day at the time he was struck. He suffered severe pain on account of his injuries.

The testimony must be considered in the light most favorable to the plaintiff, and, when that is done, it can not be said that the verdict is excessive.

The judgment will therefore be affirmed.