### FINLEY v. CLIFT.

### Opinion delivered May 5, 1924.

1. JUSTICES OF THE PEACE—NECESSITY FOR AFFIDAVIT FOR APPEAL.—
   Under Crawford & Moses' Dig., § 6513, making an affidavit a prerequisite for an appeal from a justice of the peace, where an affidavit for appeal signed by one maker of a promissory note did not mention the other maker, and no evidence was offered to show that he was intended to be included therein, the appeal of such co-maker was properly dismissed, notwithstanding § 6520, *Id.*, providing that no appeal shall be dismissed for any defect in the affidavit or obligation for appeal.

2. CONTINUANCE—SHOWING OF DILIGENCE.—In the absence of a showing of diligence to secure the attendance of an absent witness, a motion for continuance on account of such absence was properly refused.

Appeal from Izard Circuit Court; *John C. Ashley,* Judge; affirmed.

*John H. Woods* and *T. R. Wilson,* for appellants.

It was error to dismiss the appeal of Uz Finley; also error to refuse permission to amend the affidavit. 78 Ark. 597; 33 Ark. 745; 70 Ark. 99; 67 Ark. 493; 60 Ark. 525; 46 Ark. 302; 19 Ark. 649.

*P. C. Sherrill,* for appellee.

The motion to amend the affidavit, not being supported by any substantial evidence that C. B. Finley intended to make and did make affidavit for appeal for both defendants, was properly refused. In the absence of such evidence it will be presumed that he intended to make affidavit for appeal for himself alone. Cases cited by appellant have no application here, for the affidavit was not defective. 59 Ark. 177; C. & M. Dig., § 6513; 122 Ark. 278; 104 Ark. 276.

SMITH, J. Appellee brought this suit in the court of a justice of the peace on a note executed by appellants,

who defended the action on the ground that the note had been executed in consideration of an agreement that a bastardy proceeding pending in the county court of Izard County against appellant Uz Finley should be dismissed, without any order being entered on the records of the county court in that case, except an order of dismission, whereas, after the execution of the note, an order was entered directing appellant, Uz Finley, to pay costs amounting to $39.50.

The justice rendered judgment for the plaintiff (appellee), and, in the judgment, recited that "the attorney for the defendant prays an appeal to the circuit court, which is granted upon the condition that the defendants file their affidavit therefor within the time required by law." The justice issued an execution, which was recalled upon appellants filing a supersedeas bond, and, within the time limited by law for so doing, C. B. Finley filed an affidavit for appeal. This affidavit contained the caption of the case, and recited that "I, C. B. Finley, defendant in the above-entitled cause, do solemnly swear that the appeal taken by me from the judgment therein rendered is not taken for the purpose of delay, but that justice may be done me. (Signed) C. B. Finley." A proper jurat appeared.

The justice filed a transcript of the proceedings before him with the clerk of the circuit court, and, on the first day of the term of the circuit court, appellee filed a motion to dismiss the appeal of Uz Finley on the ground that no affidavit for an appeal had been filed by him. In response to this motion Uz Finley filed a motion praying that the affidavit be amended to show that C. B. Finley had prayed the appeal, and intended the affidavit for Uz Finley as well as for C. B. Finley. This motion was overruled, and thereupon C. B. Finley filed a motion for a continuance on the ground of an absent witness. This motion was also overruled, and the record recites that C. B. Finley thereupon declined to plead further, and judgment was rendered on the appeal bond and against both Uz Finley and C. B. Finley, and this appeal is from that judgment.

An affidavit is a prerequisite for an appeal. Section 6513, C. & M. Digest. But by § 6520, C. & M. Digest, it is provided that no appeal shall be dismissed for any defect in the affidavit or obligation for appeal.

The affidavit in this case is not defective. It is in proper form, but does not include Uz Finley, and, if it were proper to admit proof that C. B. Finley did in fact pray an appeal for Uz Finley, and did intend to include him in the affidavit which he filed, no attempt.was made to show that fact. No testimony was offered that such was the fact, and the appeal of Uz Finley was therefore properly dismissed.

As to the motion for a continuance, it suffices to say that no showing of diligence was made to secure the attendance of the absent witness or that his attendance could be had if the case were continued, and that motion was therefore also properly overruled.

No error appearing, the judgment is affirmed.