HODGES *v.* SMITH.

Opinion delivered October 24, 1927.

1. CONTINUANCE — ABSENT WITNESS — CUMULATIVE TESTIMONY.— Refusal of a continuance on account of the absence of a witness was not an abuse of discretion where his testimony would have been merely cumulative.

2. CONTINUANCE—ABSENCE OF WITNESS—DILIGENCE.—A motion for continuance on the account of the absence of a witness was properly overruled, where the witness was served with process before the trial, but the defendant did not ask for an attachment.

3. HIGHWAYS—RULES GOVERNING MOVEMENT OF AUTOMOBILES.—The general rules governing the movement of automobiles, except as changed by statute, are the same as those which regulate the movement of wagons and other vehicles.

4. HIGHWAYS—DUTY TO YIELD ROOM TO PASS.—Where defendant was driving an automobile more rapidly than the truck driven by plaintiff, it was plaintiff's duty to yield enough room for defendant to pass when defendant gave warning that he was about to do so.

5. HIGHWAYS—CARE IN PASSING ANOTHER VEHICLE.—An automobile driver, in attempting to pass a truck driven on the right-hand side of the road, where there was plenty of room to pass on the left, had the duty to exercise ordinary care and skill.

6. HIGHWAYS—EVIDENCE OF NEGLIGENCE.—Evidence *held* to warrant a finding that, after the front wheels of defendant's automobile passed the front wheels of plaintiff's truck, defendant swerved to the right without warning, and negligently ran his automobile into the front wheel of plaintiff's truck, causing injury thereto.

7. DAMAGES—ELEMENT OF PUNITIVE DAMAGES.—Where there was no element of wantonness or willfulness or such a conscious indifference to the consequences in defendant's driving his automobile which overtook plaintiff and ran into his truck in attempting to pass it, thereby causing injury, it was error to submit to the jury the question of punitive damages.

8. APPEAL AND ERROR—RENDERING JUDGMENT WHICH THE LOWER COURT SHOULD HAVE RENDERED.—Where the lower court erroneously permitted the jury to find punitive damages in addition to actual damages, and the jury found separate sums as compensatory and as punitive damages, the error may be cured by rendering judgment for plaintiff for compensatory damages in the amount fixed by the jury.

9. COSTS—AWARD ON APPEAL.—In an action for personal injuries, and for damage to an automobile, where the jury found for plaintiff in named sums for compensation for property lost, for physical injury and for punitive damages, since the punitive damages were allowed in substantial amount, and the error in submitting the question thereof could be cured on appeal, by rendering judgment for compensatory damages only, the costs of the appeal only will be awarded to defendant.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; modified.

STATEMENT OF FACTS.

J. O. Smith sued W. A. Hodges to recover damages for injuries to his person and to his automobile occasioned, as alleged, through the negligence of Hodges in driving his automobile against the front wheel of the automobile in which Smith was riding.

According to the evidence for the plaintiff, on the 27th day of January, 1926, about four o'clock in the afternoon, while he was driving a 1922 model Ford truck northward along a public highway in White County, Arkansas,

he was overtaken by W. A. Hodges, driving a Dodge sedan, and, after the front wheels of the Dodge sedan had passed the truck, Hodges swerved to the right, and his car caught the front wheel of the truck and forced it over an embankment, throwing Smith out and severely injuring him. The son of Smith was riding in the car with him, and positively recognized W. A. Hodges as the man who was driving the Dodge sedan which ran into the Ford truck. Other witnesses near the scene of the accident testified that W. A. Hodges was the person who was driving the Dodge sedan which ran into the Ford truck driven by J. O. Smith. While Smith was crossing a bridge, Hodges blew his horn as a warning that he intended to pass Smith. He was driving at the rate of fifteen or twenty miles an hour, while Smith was not going over eight or ten miles an hour. Smith was driving along the right-hand side of the road, and there was plenty of room for Hodges to have passed his car without running into it.

Hodges denied that he was the person who ran into the truck driven by Smith and turned it over the embankment on the side of the road on the day in question.

The jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of $100 as actual damages to the truck, and the further sum of $25 for physical damage, and the further sum of $300 as punitive damages."

From the judgment rendered the defendant has duly prosecuted an appeal to this court.

*J. N. Rachels,* for appellant.

*Mehaffy & Miller* and *Culbert L. Pearce,* for appellee.

HART, C. J., (after stating the facts). It is first earnestly insisted that the judgment should be reversed because the court refused to grant the motion of the defendant for a continuance. According to the evidence for the plaintiff, the accident occurred about four o'clock in the afternoon on January 27, 1926, while he was driving northward in White County, Arkansas, towards Bald Knob. It was the theory of the defendant that on that

day his car, which was a Dodge sedan, was in a garage at Bald Knob which was operated by G. T. Henry. Bill Kent worked in the garage, and, in his motion for a continuance, the defendant set up that he could prove by Kent that, for several days before the alleged accident, he was the only mechanic that had worked on the defendant's car, and that the defendant's car was in the garage where he worked all day on the 27th day of January, 1926. The record shows that the defendant testified to this fact, if fact it was, and that he was corroborated by the testimony of the keeper of the garage. The complaint of the plaintiff alleges that the accident occurred on the 27th day of January, 1926, and this put the defendant on notice that he was charged with having negligently run into the plaintiff's car on that day north of a concrete bridge across Gin Creek, in White County, Arkansas, while said car of the plaintiff was traveling in a northerly direction. This put the defendant on notice of what he should prove as a defense to the action, and that, if he claimed he was not the person who overtook the plaintiff in an automobile and negligently ran into the car driven by the plaintiff, he could prove such fact by showing that he was at another place on that day. It could not be said that he could only prove his whereabouts by the owner of the garage and a mechanic working therein. It cannot be said that his defense to the action could only be established by showing that his car was in a garage in Bald Knob. He could have shown that he was not the person who ran into the plaintiff by establishing that he was at another place at the time the accident occurred. Hence the testimony of Kent was cumulative merely, and the court did not abuse its discretion in refusing to grant the defendant a continuance on account of the absence of Kent. *Spear Mining Co.* v. *Shinn,* 93 Ark. 346, 124 S. W. 1045; and *El Dorado Ice & Cold Storage Co.* v. *Dingle & Kincaid,* 173 Ark. 506, 292 S. W. 690.

Again, it cannot be said that the defendant made a sufficient showing of diligence in the matter within the rule announced in *Finley* v. *Clift,* 164 Ark. 190, 261 S.

W. 319, and in numerous other cases decided by this court. According to the allegations of the complaint, the accident occurred on the 27th day of January, 1926, and the suit was filed on the 29th day of January, 1926. Trial of the case was had on the 20th day of July, 1926. The witness Kent was only served a few days before the trial, and the record does not show that the defendant asked for an attachment for the witness. The defendant had filed an answer, in which he denied that, on the day alleged by the plaintiff, or any other day, he drove a car along the highway and ran into the car driven by the plaintiff while attempting to pass him in his automobile. While the defendant excepted to the action of the court in overruling his motion for a continuance, the court had a right to assume that, by going to trial without having asked for an attachment for the witness, he had other witnesses by whom he could establish that he was at another place than the scene of the accident at the time it occurred. Hence we hold that the court did not err in refusing to grant the motion of the defendant for a postponement or a continuance of the case.

The general rules governing the movement of automobiles, except as changed by statute, are the same as those which, as the result of long usage, regulate the movement of wagons and other vehicles of like kind. The record shows that the defendant was driving his car at a more rapid rate of speed than that of the Ford truck driven by the plaintiff. It was the duty of the plaintiff to yield room enough for the defendant to pass him when the latter blew his horn and gave him warning that he was about to do so. According to the evidence of the plaintiff, he was on the right-hand side of the road, going north, and there was plenty of room on the highway for the defendant to pass his car on the left. It was the duty of the defendant, in overtaking and attempting to pass the plaintiff, to exercise ordinary care and skill in doing so. Under the evidence disclosed by the record, the jury might have found that the defendant, after the front wheels of his car had passed the front

of the plaintiff's car, swerved suddenly to the right, intending to return to the right-hand side of the road, without warning the plaintiff, and that he negligently ran his car into the front wheel of the plaintiff's car and thereby caused the injuries complained of. *Wells* v. *Shepard,* 135 Ark. 466, 205 S. W. 806. The evidence warranted the jury in finding for the plaintiff on the question of compensatory damages, and an examination of the record shows that there was no prejudicial error resulting to the defendant from the trial on this branch of the case.

It is earnestly insisted, however, by counsel for the defendant, that the court erred in submitting to the jury the question of punitive damages, and in this contention we think counsel are correct. In *St. L. S. W. Ry. Co.* v. *Owings,* 135 Ark. 56, 204 S. W. 1146, it was held that negligence alone, however gross, is not sufficient to justify the award of punitive damages. There must be some element of wantonness or such a conscious indifference to the consequences that malice might be inferred. In other words, in order to warrant a submission of the question of punitive damages, there must be an element of willfulness or such reckless conduct on the part of the defendant as is equivalent thereto. In the case at bar there is no element of wantonness or willfulness on the part of the person driving the car which overtook the plaintiff and ran into his car and thereby caused the injuries complained of. The overtaking car was only going at the rate of between fifteen and twenty miles an hour, and the testimony for the plaintiff only warrants the inference that the defendant, in endeavoring to return to the right-hand side of the road, swerved his car to the right too suddenly as he was passing the car driven by the plaintiff, and that his negligence in so doing caused the injury complained of. As we have already seen, there is no testimony in the record that would warrant the jury in finding that the conduct of the defendant was so reckless as to constitute wantonness or willfulness

on his part. Hence the court erred in submitting to the jury the question of punitive damages.

This error can be eliminated. The verdict of the jury found specifically the amount that should be awarded to the plaintiff for his own personal injuries and for the injury to his automobile. It then found a separate amount to be awarded the plaintiff as punitive damages. The error can be cured by rendering judgment in favor of the plaintiff for the compensatory damages, which amount to $125. Inasmuch as the punitive damages are for a substantial amount, and this is a law case, the cost of the appeal must be awarded to the defendant. *American Soda Fountain Co. v. Battle*, 85 Ark. 213, 107 S. W. 672, 108 S. W. 508.

It follows that the judgment will be reduced to the sum of $125, and judgment will be rendered here in favor of the plaintiff against the defendant for that amount, and the defendant will be awarded the costs of the appeal against the plaintiff. It is so ordered.