OSTER *v.* JONES.

4-3945

Opinion delivered July 8, 1935.

*Mann & Mann,* for appellant.

*F. F. Harrelson, Winstead Johnson* and *S. S. Hargraves,* for appellee.

SMITH, J.   Appellee recovered judgment for $2,000 against appellant to compensate a personal injury.   For the reversal of this judgment, it is insisted that the court erred in giving an instruction numbered 3 at the request of appellee and in refusing to give an instruction numbered 4 requested by appellant.   It is also insisted that the verdict is excessive.

The nature of the case and the respective theories upon which it was tried will sufficiently appear from these instructions.   Instruction numbered 3, given over the objection and exceptions of appellant, reads as follows:   "In this case one of the defenses alleged by the defendant is that the plaintiff's injuries, if any, were caused by the negligence of the driver of the truck on which the plaintiff was riding.   The jury is instructed that, if the plaintiff's injuries, if any, were caused solely by the negligence of the driver of the truck on which the plaintiff was riding, then the plaintiff cannot recover; but if, while in the exercise of ordinary care for his own safety, and without negligence on his part, the plaintiff was injured by the combined negligence of the defendant and the driver of the truck on which the plaintiff was riding, then in such event your verdict should be for the

plaintiff as against the defendant, for in such case the defendant, together with the driver of the truck on which plaintiff was riding, would be what is known as joint tort-feasors, and the defendant, as well as the driver of the truck on which plaintiff was riding, would be liable, and the plaintiff would be entitled to recover.'' Instruction numbered 4, which the court refused to give at appellant's request, reads as follows: ''The jury is instructed that, if you find from the evidence that the car in which the plaintiff was riding, and also the car in which the defendants were riding were both on the highway and proceeding in the same direction, and that the driver of the car in which plaintiff was riding gave a signal which in common acceptation indicated to the defendant that it was the purpose of the plaintiff to turn to the left side of the highway, the defendant had the right to assume that the car in which plaintiff was riding was turning to the left, and that the right-of-way for the defendants would be left clear, and if you further find that the plaintiff or the car in which he was riding started to turn to the left, or did turn to the left, and thereafter immediately turned off to the right, and in the path or course in which the defendants were expected to drive, and that the sudden turning of the car in which plaintiff was riding to the right was the proximate cause of the plaintiff's injury, the defendants would not be liable, and your verdict should be for the defendant.''

Appellee was riding in but was not driving the truck, and, as usually happens in these collision cases, the testimony is in irreconcilable conflict; the driver of each car excused himself from blame and attempted to place the responsibility upon the other.

It is argued that instruction numbered 3 is erroneous because appellee alleged that appellant was solely to blame for the collision, and did not sue the driver of the truck; and for the additional reason that it permits a recovery against appellant, even though his action was not the proximate cause of the injury.

We think there was no error in this instruction. It tells the jury very plainly that, if appellee's injuries were caused solely by the negligence of the driver of the

truck in which appellee was riding, appellee could not recover. In other words, if appellant was not guilty of negligence contributing to the injury, he was not liable; but, if there was such negligence, this would be a proximate cause. The instruction further declares the law to be that, if appellee was injured, while in the exercise of ordinary care and without negligence on his part, by the combined negligence of appellant and the driver of the trunk in which appellee was riding, a verdict should be returned against appellant. This is true because, in the event stated, both drivers would be responsible and liable for the injury which resulted from their combined negligence. It is true the truck driver was not a party to the suit, but it was not essential that he should be, as appellee had the right to sue either or both of the joint tort-feasors, as "the author of either negligent act is liable to the injured party for the damage sustained." *Missouri Pacific Rd. Co.* v. *Riley,* 185 Ark. 706, 49 S. W. (2d) 358.

Appellant testified that, as he approached the truck, he was driving about forty-five to fifty miles per hour. Witnesses for appellee placed the speed at a greater rate. Appellant testified that he could not say exactly how fast he was driving when he hit the truck, but it is his theory that his speed, whatever it may have been, was not the proximate cause of the injury, and instruction numbered 4, if given, would have so declared the law.

It is argued that the truck driver's action in indicating that he would turn off the highway on the left side, and then, without further indication of his intention, turning to the right, was the sole and proximate cause of the collision, and that the jury should have been so instructed.

The truck driver testified that he gave a signal, by extending his left arm, that he intended to leave the highway. The instruction assumes that he did this, but it, in effect, declares the law to be that, if the signal was one which, in common acceptation, indicated to appellant that it was the purpose of the truck driver to turn to the left side of the highway, the appellant had the right to proceed without reducing his speed or bringing his

car under control. This is not the law. Act 223 of the Acts of 1927, page 721, is an act entitled, "A Uniform Act regulating the operation of vehicles on highways," and § 17 thereof regulates the duties of drivers of motor vehicles in starting, stopping or turning. It reads as follows:

"Section 17. (Signals on Starting, Stopping or Turning).

"(a) The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, and, if any pedestrian may be affected by such movement, shall give a clearly audible signal by sounding the horn, and whenever the operation of any other vehicle may be affected by such movement shall give a signal, as required in this section plainly visible to the driver of such other vehicle, of the intention to make such movement.

"(b) The signal herein required shall be given either by means of the hand and arm in the manner herein specified, or by an approved mechanical or electrical signal device, except that, when a vehicle is so constructed or loaded as to prevent the hand and arm signal from being visible both to the front and the rear, the signal shall be given by a device of a type which has been approved by the department. Whenever the signal is given by means of the hand and arm, the driver shall indicate his intention to start, stop, or turn by extending the hand and arm horizontally from and beyond the left side of the vehicle."

The extension of the hand and arm horizontally from and beyond the left side of the vehicle is the statutory signal that the person giving it is about to start, stop or turn, and no other signal is required by law, and there was no testimony that we have in this State any other signal which, in common acceptation, indicates the driver's intention. Our statute requires this signal to be given, and does not require any other. That signal was given, and was observed by appellant. Due care required therefore that he should have operated his car accordingly.

It was said, in the case of *Madison Smith Cadillac Co.* v. *Lloyd,* 184 Ark. 544, 43 S. W. (2d) 729, that: "The law of the road is that the automobile in front has the superior right to the use of the highway for the purpose of leaving it on either side to enter intersecting roads and passageways, and the traveler behind must, in handling his car, do so in recognition of the superior right of the traveler in front."

The case of *Schlosberg* v. *Doup,* 187 Ark. 931, 63 S. W. (2d) 337, is decisive of the question that instruction numbered 4 is not a correct declaration of the law. That case is very similar to the instant case on the facts. There the driver of an automobile and the members of her family were following and overtaking an ice truck, which was traveling in the same direction but at a slower speed. The truck driver, before reaching an intersection street, held out his left hand to indicate that he would turn to the right or north. In doing so he swerved his truck somewhat to the left to miss the corner of the curb and turned to the right into the intersecting street. The driver of the car, being a resident of California, misunderstood the left-hand signal given by the truck driver, thinking it indicated a left-hand turn only, as it did under the law of her State, and turned her car slightly to the right and proceeded into the intersection, where the collision occurred. An instruction was requested in that case, which is set out in the opinion, very similar to the instruction numbered 4 requested in the instant case. It was held that the refusal to give the instruction was not error, and in so holding the duty of the driver of the approaching automobile was defined as follows: "All the witnesses agree that the truck was traveling very slowly, and that a signal warning was given that might have meant any one of four things: (a) That he would turn to the left, (2) turn to the right, (3) slow down, and (4) stop. Under such circumstances, the driver of the car behind must take notice of the signal and bring his car under control accordingly."

Instruction numbered 4 did not recognize this duty on the part of appellant, and it was therefore properly refused.

We are unable to say that the verdict is excessive. Appellee received injuries which were more painful than dangerous. He required the services of a physician, who attended him at intervals during a period of over two months. He sustained an injury in the sacro-iliac region, had quite a number of lacerations and bruises, and a traumatic injury to the hip and knee. His back was bruised, and there was a sprain over the hip bone. The injuries were described by the doctor, who stated that while they were painful they were not of a permanent character. Appellee was temporarily rendered unable to pursue his usual avocation or to do other manual labor, and the doctor thought this condition would continue for as long as ninety days after the time of the trial on account of the injuries to appellee's leg and back.

There appears to be no error, and the judgment will be affirmed. It is so ordered.