## Rachel D. FREEMAN *v.* George ANDERSON and ANDERSON'S EXXON

83-80                                          651 S.W.2d 450

Supreme Court of Arkansas
Opinion delivered May 31, 1983
[Rehearing denied June 27, 1983.*]

*Adkisson, C.J., and Purtle, J., would grant rehearing.

*Morgan E. Welch,* for appellant.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellees.

FRANK HOLT, Justice. This case arises from an automobile accident in which the appellee George Anderson forced another vehicle across the center line and into the path of the appellant's oncoming vehicle. The appellee did not stop at the scene of the accident. In her pleadings the appellant requested, in addition to compensatory damages, punitive damages in the amount of $100,000, alleging the appellee's fleeing the scene showed a willful and wanton disregard for her welfare. At trial, the appellees stated that they would admit liability conditioned upon the court's ruling that punitive damages were not recoverable. The trial court ruled that punitive damages are not recoverable for incidents occurring after the collision that had no proximate causation and that references to the appellee's leaving the scene of the accident or the cause of the accident would be inadmissible. The jury returned a verdict of $500 for compensatory damages in favor of the appellant. Subsequently, the appellant moved for a new trial pursuant to ARCP Rule 59. The trial court denied the motion. Hence this appeal, which is certified to us by the Court of Appeals pursuant to Rules of the Supreme Court and Court of Appeals, Rule 29 (1) (o).

The appellant first asserts that the court erred in not granting a new trial inasmuch as the jury's verdict was inadequate and contrary to the preponderance of the evidence, the law and instructions submitted to the jury by the court. The medical bills, which were stipulated to be

reasonable, introduced by the appellant amounted to $490. In addition there were three estimates of the vehicular damage — one for $150, one for $479.61, and one for $731.23. Even though the appellees stipulated that the medical bills were reasonable charges for the services rendered, they denied that the medical expenses incurred by the appellant were proximately caused by the accident in question. The appellant did not seek medical attention until almost eight months after the accident, which her treating physician stated was unusual if her back troubles were caused by the accident. Furthermore, the physician also testified that the back ailment for which appellant sought treatment had existed prior to the accident. He had treated her two to three years before the accident. Hence, the jury could have found and apparently did find that the medical expenses incurred by the appellant were not proximately caused by the accident in question. In addition to the medical expenses and the vehicular damage, the appellant sought recovery for pain and suffering, which obviously was not proven in a precise amount. It appears that the jury awarded the appellant recovery based on one of the two smaller estimates of vehicular damage plus a small amount for pain and suffering. In *Taylor* v. *Boswell,* 272 Ark. 354, 614 S.W.2d 505 (1981), we said:

> Civil Procedure Rule 59 has superseded our former statute with respect to new trials on account of the smallness of the verdict. Ark. Stat. Ann. § 27-1902 (Repl. 1962). Rule 59 merely provides that a new trial may be granted for 'error in the assessment of the amount of recovery, whether too large or too small.' Our former rule was that when the verdict was for a substantial amount, as this one is, the trial judge's denial of a new trial for inadequacy of the award would not be reversed unless there was other error or the evidence definitely established a pecuniary loss in excess of the verdict. *Bittle* v. *Smith,* 254 Ark. 123, 491 S.W.2d 815 (1973). We need not determine to just what extent our law has been changed by Rule 59, because the appellant would not be entitled to a reversal even under the superseded statute and the former case law.

To the same effect see *Waterfield* v. *Quimby*, 277 Ark. 472, 644 S.W.2d 241 (1982). Here, we cannot say there was error in the jury's assessment of the amount of recovery, nor can we say the award of damages was nominal.

The appellant next contends that the court erred in allowing Officer Steven Young, at the appellees' request, to return to the stand and testify after his release from the witness rule and in the interruption of appellant's order of proof. Young was the investigating officer at the accident and he was called to testify by the appellant. On direct examination he testified that he assigned $150 as estimated damages to the appellant's vehicle. After testifying, Young contacted the appellees and appellees' attorney to inform them that he had considerable qualifications in the area of automobile body repair and that he was disturbed that no one asked his qualifications when he gave his estimate of the damage to appellant's vehicle. He denied having talked with anyone else concerning the lawsuit following his testimony. During cross-examination of the appellant, the appellees moved the court to allow Young to return to the stand to tell the jury of his qualifications, which was allowed. The appellant argues the court's action in this regard was an abuse of the discretion which is granted the court in regulating the mode and order of interrogation and presentation of proof by Ark. Stat. Ann. § 28-1001, Rule 611 (Repl. 1979) and Ark. Stat. Ann. § 28-103 (Repl. 1979). Rule 611 (a) provides:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

This is an area in which the law necessarily vests considerable discretion in the trial court. *Parnell* v. *State*, 207 Ark. 644, 182 S.W.2d 206 (1944); *Smith* v. *State*, 222 Ark. 650, 262 S.W.2d 272 (1953); *Parker* v. *State*, 252 Ark. 1242, 482 S.W.2d 822 (1972); 6 Wigmore, Evidence § 1867 (Chadbourn

Rev. 1976); and 2 Louisell and Mueller, Federal Evidence § 334 (1979). We find no abuse of discretion here.

Finally, appellant insists that the trial court erred in excluding evidence that the defendant fled the scene of the accident. She argues that this evidence was relevant to show a willful and wanton state of mind on his part and, therefore, would justify an award of punitive damages. The appellant cites authority for the admission of evidence of hostile actions subsequent to the injury to prove malice at the time of the injury, as well as authority for the admission of evidence that the defendant refused to assist the injured plaintiff after an accident and induced others to refuse to assist him. *Pogue* v. *Rosegrant,* 98 S.W.2d 528 (Mo. 1936). Here, the appellant's proffer of the excluded testimony contained nothing tending to show any of these elements on the part of the appellee. The proffered testimony merely stated that appellees' truck changed lanes and caused another vehicle going the same direction, to the left rear, to swerve across the center line into the path of appellant's vehicle, after which the appellee did not stop.

In order to support an award of punitive damages, the evidence must indicate the defendant acted wantonly in causing the injury or with such a conscious indifference to the consequences that malice might be inferred. Negligence alone, however gross, is not a sufficient basis to justify the award of punitive damages. *Dalrymple* v. *Fields,* 276 Ark. 185, 633 S.W.2d 362 (1982); *Hodges* v. *Smith,* 175 Ark. 101, 298 S.W. 1023 (1927). In *St. Louis, I. M. & S. Ry. Co.* v. *Dysart,* 89 Ark. 261, 116 S.W. 224 (1919), we defined the prerequisites to an award of punitive damages as follows:

> The terms 'wilfulness, or conscious indifference to consequences from which malice may be inferred,' as used in the decisions of this court, means such conduct in the face of discovered peril. In other words, in order to superadd this element of damages by way of punishment, *it must appear that the negligent party knew, or had reason to believe, that his act of negligence was about to inflict injury, and that he continued in his course with a conscious indifference to the conse-*

*quences,* from which malice may be inferred. (Italics supplied.)

According to AMI 2217, before a jury can impose punitive damages the evidence must show that the defendant "knew or ought to have known, in the light of surrounding circumstances, that his conduct would naturally or probably result in injury and that he continued such conduct [with malice or] in reckless disregard of the consequences from which malice may be inferred." Here, nothing in the proffered testimony indicated that the appellee knew or had reason to believe that his conduct would likely cause injury. There was nothing that would indicate *"conscious* indifference."

In *Schlosberg* v. *Doup,* 187 Ark. 931, 63 S.W.2d 337 (1933), we held that the failure of a driver to comply with the law requiring him to give his name, license number, etc. and render assistance to the operator or persons injured in the other car had no bearing on the cause of the collision, and, therefore, the trial court properly refused to give an instruction on that matter. The Supreme Court of Mississippi, in a fact situation somewhat similar to the case at bar, held that the fact that the driver causing an accident drove away from the scene does not require an instruction on punitive damages. *Continental Southern Lines, Inc.* v. *Lum,* 254 Miss. 655, 182 So.2d 228 (1966).

We hold, under the facts of this case, that the court correctly refused to admit evidence that the appellee left the scene of the accident as a basis for an award of punitive damages.

Affirmed.

ADKISSON, C.J., and HICKMAN and PURTLE, JJ., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. The trial court erred in excluding evidence that appellant fled the scene of the accident. This is a relevant fact regarding the accident which the jury should have been allowed to consider in assessing fault and fixing damages. People who

flee the scene of an accident they have caused usually have a good reason for doing so. Under the majority opinion, a tortfeasor may be able to suppress pertinent facts regarding his condition by simply fleeing the scene.

PURTLE, J., joins in this dissent.

DARRELL HICKMAN, Justice, dissenting. I dissent because I think the trial court abused its discretion in allowing the police officer to come back into court and testify for the appellees. Ark. Stat. Ann. § 28-1001, Rule 615 (Repl. 1979), makes the exclusion of witnesses mandatory and if that rule is to mean anything, it should not be easily avoided as it was in this case to the prejudice of the appellant.

PURTLE, J., joins in this dissent.