Joshua FISHER, By and Through his
general guardian, Carla FISHER,
Plaintiff and Appellant,

v.

Warren TRAPP, Defendant
and Respondent.

No. 860359–CA.

Court of Appeals of Utah.

Jan. 7, 1988.

Rehearing Denied Feb. 1, 1988.

David M. Jorgensen, Robert J. DeBry, G. Steven Sullivan (argued), Robert J. DeBry & Associates, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Interested Attorney, Salt Lake City.

Henry E. Heath, (Argued) Salt Lake City, for defendant and respondent.

## OPINION

Before GREENWOOD, BENCH and BILLINGS, JJ.

GREENWOOD, Judge:

Plaintiff, Joshua Fisher (Fisher), initiated this action against defendant, Warren Trapp (Trapp), after a pedestrian-automobile accident. The jury found no cause of action, and Fisher appeals, claiming that the trial judge erred in excluding evidence that defendant fled the scene of the accident. We affirm.

At about 9:15 p.m. on June 3, 1982, Trapp hit Fisher while Trapp was driving north on Redwood Road in Salt Lake City. As Trapp approached 430 North on Redwood Road, Fisher, age nine, and his brother, Patrick Fisher, age twelve, were standing on the west side of the street waiting to cross. Fisher darted across Redwood Road and collided with the left front wheel area of Trapp's vehicle, landing about one foot from where the collision occurred.

Following the collision, Trapp continued northbound, but returned to the accident site within a few minutes and saw an adult aiding Fisher. Trapp again left, returned shortly thereafter, and spoke to a police officer without identifying himself as the driver of the vehicle. Trapp then went to his home, and within thirty minutes of the accident, called the police and identified himself as the driver of the vehicle that had hit Fisher.

At trial, the two eyewitnesses to the accident, Fisher's brother, Patrick, and Trapp, testified. Fisher did not testify because he had no recollection of the accident. Patrick testified that he and Fisher were walking down Redwood Road when Fisher turned to cross the street in the

middle of the block. Patrick said Fisher waited for three cars and then started crossing. Patrick saw the Trapp vehicle and yelled at Fisher as he ran into the road. Fisher turned back, looked like he was trying to come back and was then hit by the front left portion of Trapp's car. Patrick ran to his brother, told him to lie still and ran to a house where he was told that an ambulance had been called. Trapp testified that he first knew an accident had occurred when he heard a thump and simultaneously saw Fisher at the left front fender of his car.

Prior to trial, Trapp filed a motion in limine to exclude evidence that he failed to stop at the scene of the accident. Fisher contended the evidence was admissible to create an inference of defendant's consciousness of guilt. The judge excluded the evidence on the ground that its possible prejudicial effect outweighed its probative value.

During the trial, Val Shupe, an accident reconstruction expert, was called as a witness by Fisher to elicit his opinion of the cause of the accident. Trapp's objection to the testimony, based on inadequate foundation, was sustained. Later in the trial, after additional foundation was laid, Shupe was permitted to state his opinion of the cause of the accident.

Fisher claims on appeal that the trial court committed reversible error by: 1) excluding evidence concerning Trapp's flight from the scene of the accident; and 2) excluding Shupe's testimony.

## I.

We first consider whether evidence that Trapp left the scene of the accident was properly excluded. The trial court's rulings regarding the admissibility of evidence will not be disturbed unless it clearly appears that the lower court was in error. *State v. Gray,* 717 P.2d 1313, 1316 (Utah 1986).

According to Utah R.Evid. 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury...." Utah R.Evid. 403.

> Evidence is unfairly prejudicial ... if it has a tendency to influence the outcome of the trial by improper means, or if it appeals to the jury's sympathies, or arouses its sense of horror, provokes its instinct to punish or otherwise causes a jury to base its decision on something other than the established propositions of the case.

*Terry v. Zions Coop. Mercantile Inst.,* 605 P.2d 314, 323 n. 31 (Utah 1979).

The Utah Supreme Court has not addressed whether evidence of flight from the scene of an accident is admissible in a civil action for negligence.[1] However, some other jurisdictions confronted with the issue have admitted evidence of flight in civil cases. Evidence of flight has been admitted where the plaintiff's injuries were aggravated by the driver's failure to stop and render assistance. *Brooks v. Willig Truck Transp. Co.,* 40 Cal.2d 669, 255 P.2d

---

**1.** The Utah Supreme Court has, however, addressed the admissibility of flight evidence in the criminal context. *State v. Franklin,* 735 P.2d 34 (Utah 1987); *State v. Bales,* 675 P.2d 573 (Utah 1983); *State v. Simpson,* 120 Utah 596, 236 P.2d 1077 (1951). In *Franklin,* the Court held, in a murder prosecution, that evidence of defendant's flight from custody was not erroneously admitted where the trial judge gave a cautionary instruction warning the jury not to give too much weight to the mere fact of flight without carefully considering the other motives, besides guilt, that may have influenced defendant. In *Bales,* the Utah Supreme Court stated that it was error to instruct the jury that flight from the scene of a crime constitutes an implied admission of guilt and that a flight instruction "will not be completely free from criticism unless it advises the jury that there may be reasons for flight fully consistent with innocence and that even if consciousness of guilt is inferred from flight it does not necessarily reflect actual guilt of the crime charged." *Bales,* 675 P.2d at 575. Under the reasoning in these two cases, it appears that, at least in criminal cases, evidence of flight is circumspectly admitted and, if admitted, must be accompanied by specific instructions.

802 (1953) (trial court did not err in instructing jury on the duty to stop and use reasonable care to prevent further injury where plaintiff's injuries were aggravated by defendant's failure to stop and render assistance); *Hallman v. Cushman*, 196 S.C. 402, 13 S.E.2d 498, 499–501 (1941) (where defendant fled accident and flight may have aggravated plaintiff's injuries, no prejudicial error in instructing jury that flight evidence could be considered on punitive damages issue only after it was proven that defendant's vehicle was involved). Other courts have indicated that such evidence is admissible where the driver denied involvement in the accident. *Dean v. Cole*, 217 F.Supp. 280 (E.D.S.C.1963) (evidence was sufficient to establish that defendant's automobile proximately caused the pedestrian's death where defendant admitted owning the vehicle involved in the accident but did not recall what he did on the night of the accident); *Busbee v. Quarrier*, 172 So.2d 17 (Fla.1965) (evidence, including evidence that the front grill of defendant's vehicle had been dented and that defendant fled the scene of the accident, supports jury's verdict that driver's negligence proximately caused death of boy who was hit from the rear while riding his bicycle).

In some cases, courts have admitted evidence of flight where there were serious factual disputes in the evidence. *Petroleum Carrier Corp. v. Snyder*, 161 F.2d 323 (5th Cir.1947) (where testimony was in dispute as to whether driver left the scene of the accident, instruction on flight proper); *Shaddy v. Daley*, 58 Idaho 536, 76 P.2d 279, 282 (1938) (where there were disputed facts regarding whether defendant stopped at the accident scene, evidence of flight admissible). In addition, some courts have admitted evidence that defendant fled the scene of the accident where there were no eyewitnesses to the accident. *Johnson v. Austin*, 406 Mich. 420, 280 N.W.2d 9 (1979) (where circumstances of accident unknown, evidence of flight gives rise to a rebuttable presumption that driver was at fault); *Busbee*, 172 So.2d at 17.

None of the cases cited admitted flight evidence for the purpose of proving defendant's alleged negligence, as Fisher attempted, nor do their underlying reasoning support its admission in this case. Trapp's flight from the scene of the accident did not aggravate Fisher's injuries since a neighbor called an ambulance immediately after the accident. In addition, flight evidence was not necessitated by significant factual disputes or the absence of eyewitness testimony. Both Trapp and Patrick Fisher testified regarding the accident and their testimony did not conflict. Finally, evidence that Trapp fled the scene of the accident was not required to demonstrate that Trapp was the driver of the vehicle. Trapp contacted the police within thirty minutes of the accident and admitted that he was the driver of the vehicle that hit Fisher.

Flight evidence has been excluded in other cases which more closely parallel this case. In *Freeman v. Anderson*, 279 Ark. 282, 651 S.W.2d 450 (1983), flight evidence was found inadmissible as a basis to demonstrate wilful and wanton conduct required for an award of punitive damages. *Freeman* also reiterated the finding of an earlier case, that "failure of a driver to comply with the law requiring him to give his name, license number, etc. and render assistance to the operator or persons injured in the other car had no bearing on the cause of the collision, and, therefore, the trial court properly refused to give an instruction on that matter." *Id.*, 651 S.W.2d at 452. Similarly, in *Clark v. Mask*, 232 Miss. 65, 98 So.2d 467 (1957), the court found that a presumption or inference of negligence does not arise from defendant's failure to stop at the scene of an accident in contravention of a statutory duty to do so, as the statutory duty applies to non-negligent as well as negligent persons. Lastly, in *Barnes v. Gaines*, 668 P.2d 1175 (Okla.Ct. App.1983), the court reviewed the trial court's admission of evidence that defendant stole a police car and fled the scene after an automobile collision. The court found that such evidence was not relevant to issues of negligence or plaintiff's damages

> or any other fact of consequence to the determination of the primary action be-

tween the parties. We, therefore, hold that the admission of evidence of the crime of stealing the police car after the accident ... was error because it substantially affected the right of defendant Gaines to a fair trial on the primary issues before the jury. The probative value of the evidence was substantially outweighed by the danger of unfair prejudice....

*Id.* at 1179.

We find in this case, as in *Barnes*, that Trapp's flight from the scene of the accident had little, if any, relevance to Fisher's claim of negligence. In addition, even if the evidence were relevant, its probative value was overwelmingly outweighed by the danger of unfair prejudice. Trapp's flight could have indicated fear or remorse just as easily as consciousness of guilt. Had the evidence been admitted, it could have confused or misled the jury. When the marginal relevance of the evidence is coupled with the potential prejudicial effect the evidence of flight may have had upon the jury, we believe the trial court acted well within its discretion in excluding the evidence.

### II.

Fisher's second claim on appeal is that the trial court erred in excluding Shupe's opinion as to the cause of the accident. During the trial, Fisher's attorney attempted to elicit Shupe's opinion that Trapp was driving too fast and had an improper lookout. Trapp's attorney successfully objected, based on inadequate foundation, claiming that Shupe, an accident reconstruction expert, had not testified as to the location on the road where Trapp could have seen Fisher and taken steps to avoid the accident. On the second day of trial, Shupe testified that during the recess he had returned to the scene of the accident and asked Patrick Fisher where he and the Trapp vehicle were positioned when he first saw the vehicle. Shupe then stated that Trapp was 201 feet from Fisher when Fisher entered the road. Based on that foundation, the court permitted Shupe to state that, in his opinion, Trapp was proceeding too fast for the conditions and had an improper lookout.

The trial court's determination of adequate foundation is solely within the discretion of the trial court. *Tjas v. Proctor*, 591 P.2d 438, 440 (Utah 1979); *see also Craig Food Indus. v. Weihing*, 746 P.2d 279, 282 (Utah App.1987). According to Utah R.Evid. 705, "[t]he expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise." Further, "[t]he admissibility of accident reconstruction evidence depends in large measure upon the foundation laid. The expertise of the witness, his degree of familiarity with the necessary facts, and the logical nexus between his opinion and the facts adduced must be established." *Edwards v. Didericksen*, 597 P.2d 1328, 1331 (Utah 1979).

In this case, the trial court sustained Trapp's objection to Shupe's opinion because Shupe did not have the necessary degree of familiarity with the facts. On the second day of trial, when Shupe had acquired the requisite familiarity, the judge allowed the testimony. Based on the facts present in this case, we find no abuse of discretion by the trial judge.

Affirmed.

BENCH and BILLINGS, JJ., concur.