Mrs. Artalee WEBB *v.* A. F. LACEFIELD and Donald Lacefield

5-4515                                           426 S. W. 2d 154

Opinion delivered April 1, 1968

*Roscopf & Raff,* for appellant.

*Reid, Burge & Prevallett,* for appellees.

J. Fred Jones, Justice. Mrs. Artalee Webb filed suit in the Monroe County Circuit Court against A. F. Lacefield alleging damages as a result of personal injuries sustained by Mrs. Webb in an automobile collision caused by the negligence of Mr. Lacefield. Lacefield denied liability and pleaded contributory negligence. A jury trial resulted in a verdict and judgment for Mrs. Webb in the amount of $300.00. Upon denial of a motion for a new trial, based on inadequacy of the award, Mrs.

Webb appeals to this court, relying upon the following point for reversal:

"The court erred in denying appellant's motion for new trial because the jury verdict was contrary to the law and evidence, in that said verdict was inadequate and was less than the uncontroverted and actual out-of-pocket medical expenses incurred by the appellant and therefore was plainly the result of mistake, passion and prejudice as a matter of law. Further, that the verdict of the jury completely disregarded the instructions of the trial court with respect to awarding compensation for pain and suffering and lost wages."

The injuries complained of occurred when appellant drove her automobile into a parking lot at a grocery store and the appellee backed his pickup truck from a parking space and struck the left front fender and door of appellant's automobile. There is considerable conflict in the testimony as to the force of the impact and as to the severity, extent, and duration of appellant's injuries. The evidence is not conclusive that appellant's expenditure of $530.00 for drugs and medical treatment was entirely for treatment as a result of her injuries.

The jury verdict, as reflected in the judgment on page 18 of the transcript, referred to by appellant, is as follows:

"We the jury, find for the plaintiff, Mrs. Artalee Webb and assess her damages at $300.00."

Without objection, the trial court gave its own instruction No. 2, as follows:

"If you find for the plaintiff the form of your verdict should be: 'We, the jury, find for the plaintiff, Mrs. Artalee Webb and assess her damages at the amount you think she is entitled to receive under the proof of this case.' "

Ark. Stat. Ann. § 27-1902 (Repl. 1962) provides as follows:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

This court has held when the undisputed evidence shows that plaintiff is entitled to recover substantial damages, a judgment will be reversed which awards only nominal damages, because a judgment for nominal damages is, in effect, a refusal to assess damages. *Dunbar* v. *Cowger,* 68 Ark. 444, 59 S. W. 951. The rule is otherwise where substantial damages, rather than mere nominal damages are awarded. We have not deviated from the rule reiterated in the case of *Smith* v. *Arkansas Power & Light Co.,* 191 Ark. 389, 86 S. W. 2d 411, where we said:

"Where substantial damages are awarded, a judgment will not be reversed because of inadequacy, if there be no other error than that committed by the jury in measuring the damages."

The evidence as to damages is not undisputed in the case at bar, and the verdict for $300.00 damages was for more than a nominal amount in this case. We find no abuse of the trial court's discretion in denying appellant's motion for a new trial, and we conclude that the judgment of the trial court should be affirmed.

Affirmed.