J. A. RILEY *v.* Thomas F. SHAMEL et al

5-5432 462 S. W. 2d 228

Opinion delivered January 25, 1971

*R. W. Laster,* for appellant.

*Smith, Williams, Friday & Bowen,* for appellees.

GEORGE ROSE SMITH, Justice. The appellant brought this action to recover for personal injuries and property damage sustained by him in a collision between his half-ton truck and an automobile owned by one of the appellees and being driven by the other. The case was submitted to the jury, which returned a $5,000 verdict for the plaintiff. Despite the verdict in his favor Riley filed a motion for a new trial, asserting that the amount of the verdict was unconscionably small and patently insufficient to compensate him for his total damages. This appeal is from an order overruling the motion for a new trial.

In most respects the case is governed by our holding in *Smith v. Ark. Power & Light Co.,* 191 Ark. 389, 86 S. W. 2d 411 (1935). There, as here, the plaintiff appealed from a $5,000 verdict and judgment, asserting that amount to the inadequate. We recognized two principles that are pertinent to the case at bar: First, when the undisputed proof shows that the plaintiff is entitled to substantial damages, an award of nominal damages only will be set aside, because such a judgment is in effect a refusal to assess damages. Secondly, when substantial damages are awarded, the judgment will not be reversed because of inadequacy, if there is no error other than that of the jury in measuring the damages.

For reversal Riley first invokes the first of the two rules, contending that an award of $5,000 is nominal in view of the extent of his injuries. That argument is unsound. In the *Smith* case we held that an award of $5,000 is substantial rather than nominal. We adhere to that view. Nominal means "in name only; not real or actual." Webster's New International Dictionary (2d ed., 1934). Of course there has been a great decrease in the

value of the dollar during the 35 years since the *Smith* case was decided, but it still cannot be realistically said that $5,000—a sum far in excess of the average annual per capita income in Arkansas—is merely nominal.

Alternatively, the appellant seeks to escape the impact of the second rule mentioned above, by contending that the trial court committed error in submitting to the jury the theory of comparative negligence, it being contended that there is no substantial evidence of any negligence on the part of Riley. A complete answer to that argument is that Riley's attorney at the trial, who was later replaced by his present counsel, requested the instruction on comparative negligence, AMI 2102. Consequently Riley is not in a position to urge that the giving of the instruction was error. *Home Co.* v. *Lammers,* 221 Ark. 311, 254 S. W. 2d 65 (1952). True, here the court made a slight modification in the instruction as it was requested, but the change was favorable to Riley and, furthermore, was not objected to.

We need not detail the evidence of the plaintiff's asserted damages. The proof contained such conflicts and contradictions that, in view of the controlling statute, we find no abuse of discretion in the trial court's refusal to set aside the verdict. Ark. Stat. Ann. § 27-1902 (Repl. 1962); *Webb* v. *Lacefield,* 244 Ark. 492, 426 S. W. 2d 154 (1968).

Affirmed.