Argued January 11, affirmed February 1, 1973

ECK, *Respondent, v.* MARKET BASKET et al,
*Appellants.*

505 P2d 1156

*J. Anthony Giacomini,* Klamath Falls, argued the cause for appellant Harry R. Waggoner. With him on the brief was Stanley C. Jones, Jr., Klamath Falls.

*Mel Kosta, Klamath Falls,* argued the cause for appellants Market Basket, Norman J. Duffy dba Market Basket. With him on the brief were Kosta and Brant, P.C., Klamath Falls.

*Robert S. Hamilton,* Klamath Falls, argued the cause for respondent. With him on the briefs were Beddoe and Hamilton, Klamath Falls.

TONGUE, J.

This is an action for personal injuries sustained by plaintiff when she fell upon leaving the exit door of a grocery store. The store was owned by defendant Waggoner and leased to defendant Duffy, dba "Market Basket." The jury returned a verdict for plaintiff. Both defendants appeal from the resulting judgment. We affirm.

1. *The evidence was sufficient to support the verdict.*

The first assignment of error by both defendants is that the trial court erred in denying their motions for involuntary nonsuits and directed verdicts upon the ground that there was a failure of proof that plaintiff either fell in the area she alleged to be defective or that the fall was caused by the defective area and that the evidence established that plaintiff was contributorily negligent as a matter of law.

The grocery store had separate entrance and exit doors, about six feet apart, each with handrails and rubber matting extending about four feet outside the store and ending on a concrete sidewalk along the front of the store. When the store was built indoor-outdoor carpeting was installed on the sidewalk. That carpeting became worn and hazardous and was removed by the owner of the store some three days before the accident. Upon its removal it was discovered that the concrete surface of the sidewalk underneath the carpeting had "flaked." After clearing away the loose bits of concrete, a "ridge" of some three-fourths of an inch was exposed and was located between the end of the rubber mat at the exit door and the curb edge of the sidewalk, about three feet away. This was the condition existing at the time of plaintiff's fall.

Upon removal of the carpeting a sign was placed between the two doors on the outside of the store with the following words in large letters: "Please Watch Your Step." Plaintiff and her son testified that this sign was not present at the time of her fall. All witnesses agreed, however, that there was no warning sign inside the store near the exit door to warn customers upon leaving the store.

Plaintiff testified that although she had previously visited the store, she had not done so within the previous three or four weeks. Plaintiff admitted that when she entered the store she observed the rough surface outside the entrance door, on the "right hand side going in * * * as if somebody had been working." There was no direct testimony that she observed this rough surface outside the exit door, either upon entering or leaving the store. She also testified that upon leaving the store and upon stepping off the rubber mat, her heel hit a "rough spot" or "rise" in the concrete, causing her to fall.

Plaintiff also testified, over objection, that the assistant manager of the store then came to her and said, "They told Waggoner not to leave that this way, somebody would get hurt." That employee had previously testified, when called as a witness by plaintiff, over objection by defendant Waggoner only, that probably he said "something to the effect that the sidewalk was a little rough there, and that it needed fixing." Defendant Duffy then offered in evidence a signed statement by the same witness, which, among other things, stated that "Bob Waggoner was supposed to repair this area." Although that portion of the statement was also objected to by defendant Waggoner, both defendants Duffy and Waggoner testified to the same effect.

■ Based upon this testimony, and despite some testimony to the contrary, we hold that there was sufficient evidence to support the finding by the jury that plaintiff fell in the area alleged in the complaint; that her fall was caused by the defective area and that she was not contributorily negligent as a matter of law. See *Dawson v. Payless for Drugs*, 248 Or 334, 337-39, 433 P2d 1019 (1967); *Scott v. Mercer Steel/Edwards Realty*, 263 Or 464, 503 P2d 1242 (1972); *Stocking v. Sunset Square, Inc.*, 264 Or 151, 504 P2d 100 (1972). See also 2 Restatement 215-16, Torts 2d § 343.

Defendants contend that *Dawson* is "clearly distinguishable" upon the ground that "[t]he holding in *Dawson* applies only in those cases where the condition of premises is *unreasonably* dangerous and where the possessor of the premises has reason to expect that the invitee will nevertheless suffer physical harm despite his knowledge of the condition." We are unable to distinguish *Dawson* on that basis and believe that there was sufficient evidence from which the jury could properly find in this case that the condition was unreasonably dangerous and that defendants were aware of the dangerous condition, but that plaintiff was not.

2. *No prejudicial error resulted from instructions with deletions which were "legible."*

In support of alternative motions for new trial both defendants also assign as error the submission to the jury of written instructions with portions "crossed out" in such a manner that the deleted portions were "legible." It is contended that these instructions were confusing and misleading, contrary to the requirement that each party has the right to

have the jury instructed in "plain, clear and simple language" and that instructions which "mislead or confuse" are ground for reversal.

This contention necessarily assumes that members of the jury not only read, but considered, the portions of the instructions which were deleted despite the fact that those portions were not included when, as required, the instructions were read by the court to the jury. See ORS 17.255(2) and *Hollis v. Ferguson,* 244 Or 415, 423, 417 P2d 989 (1966). In addition, this contention must assume that, as a result, the jury was not only "confused," but was prejudiced against the defendants.

After examining both the oral instructions and the written instructions, including these deletions, we do not believe that there is a substantial basis for these assumptions in this case.

It must also be recognized that when, as in this case, the parties request that written instructions be delivered to the jury, the trial court may be faced with practical problems. These may include some difficulty, considering the time and stenographic assistance that may then be available, in preparing written instructions which are not only in perfect form, but which have no changes or additions by interlineation and in which any deletions are not "legible."

■ It is important, of course, insofar as possible, to avoid interlineations and deletions in written instructions to the jury. It is possible that interlineations or deletions may be made in such a manner as to provide sufficient grounds for reversal. For reasons previously stated, however, we do not reach that result in this case.

3. *The trial court did not abuse its discretion in granting leave to amend the complaint.*

Defendant Waggoner assigns as error the allowance of plaintiff's motion for leave to amend the allegations of her complaint. He contends that plaintiff's original complaint charged him, as owner of the building, with negligence in leasing it in a defective condition to defendant Duffy, whereas the amendment permitted by the court, and at the conclusion of plaintiff's case, charged that he negligently repaired the entryway and left it in a dangerous condition by removing the carpet and a portion of the concrete surface and by "leaving it in a rough, choppy, pitted and depressed condition."

It is contended that this amendment substantially changed the cause of action and that the evidence on which the motion to amend was based was not received without objection, but over objection, all contrary to the requirements of ORS 16.390, and the rule as stated in *Tracy and Baker v. City of Astoria,* 193 Or 118, 237 P2d 954 (1951), and *Smith v. Jacobsen,* 224 Or 627, 356 P2d 421 (1960). It is also contended that defendant Waggoner suffered substantial prejudice by the allowance of that amendment at the conclusion of plaintiff's case and immediately before defendant Waggoner was required to proceed with his defense.

■ In those cases we held that the trial court may, under the terms of that statute, and at any time before the case is submitted, permit the amendment of a pleading to conform to the facts proved when the amendment does not substantially change the cause of action and when the evidence on which the amendment is based was received without objection. The allowance or refusal of such amendments is largely

within the sound discretion of the trial court. *Morrill v. Rountree,* 242 Or 320, 324, 408 P2d 932 (1965). Whether, in such an event, the defendant would suffer such prejudice as to make it unjust to permit such an amendment is also a matter largely within the discretion of the trial court. *Quirk v. Ross,* 257 Or 80, 83, 476 P2d 559 (1970).

In this case it is true that the original complaint alleged that defendant Waggoner leased the building in a defective condition. That complaint also alleged, however, that "at all times herein mentioned * * * and at the time of plaintiff's injury * * * defendant, Harry R. Waggoner negligently and carelessly allowed * * * the entry way to be and remain in a dangerous condition in that there was a high, rough, choppy area with deep pits or holes existing on or about the entry way * * *."

■ Although the amended complaint specifically charged defendant Waggoner with negligently repairing the entryway, both complaints charged him with responsibility for the maintenance of the entryway in a dangerous condition at the time of the accident. We hold that this was not a sufficiently "substantial change" in plaintiff's cause of action, for the purposes of ORS 16.390, so as to result in an abuse of the discretion of the trial court upon the allowance of an amendment to conform to the proof.

It is also true that some considerable evidence on this issue was received over objection. It appears, however, that it was defendant Waggoner's attorney who produced and had marked as an exhibit a signed statement by the assistant manager of the store, Mr. Anspaugh, stating, among other things that:

"About three weeks ago the owner of the store

building Bob Wagner came by and picked up the indoor-outdoor carpet which was laid on the outside of the building on the sidewalk and in front of the two automatic in and out doors. Bob Wagner also had the loose cement picked up at that time which left about ¾ of an inch ridge just past the outside rubber pad. Bob Wagner was supposed to repair this area."

That written statement was then offered in evidence by co-defendant Duffy. Defendant Waggoner made no objection to it, except that the statement "Bob Wagner was supposed to repair this area" was a "conclusion" and was hearsay as to defendant Waggoner. Even that portion of the statement was not objected to on the ground that it was not relevant to the allegations of the original complaint against defendant Waggoner. Accordingly, we hold that sufficient evidence on this subject was received without objection so as to satisfy that requirement of the rule, as stated in *Tracy and Baker v. City of Astoria, supra.*

As for the final question of prejudice, we believe that the fact that defendant Waggoner's attorney had been in possession of that written statement was sufficient, when considered in the light of the circumstances of this case, to support the finding, as necessarily implicit in the exercise by the trial judge of his discretion in this case, that defendant Waggoner would not suffer prejudice so substantial as to make it unjust to permit such an amendment to be made. We therefore hold that the trial court did not err in permitting the amendment.

4. *The admission of the "spontaneous statement" was not prejudicial.*

Defendant Waggoner also assigns as error the

admission of plaintiff's testimony that immediately after plaintiff fell the assistant manager of the store, Mr. Anspaugh, who had seen her fall, went to her to help her and that as he was helping her son pick her up he said, "They told Waggoner not to leave that this way, somebody would get hurt."

Defendant Waggoner contends that this testimony by plaintiff "was not relevant to any issue in plaintiff's case" and was "irrelevant hearsay and not a part of the res gestae." It is also contended that defendant Waggoner was prejudiced because plaintiff's attorney argued the point in front of the jury and because the trial court later permitted plaintiff to allege a different theory of negligence. Plaintiff contends, on the contrary, that the testimony was relevant under both the original and amended complaint and that it was within the exception to the hearsay rule relating to "spontaneous statements."

■ As for the relevance of this testimony, it is to be noted that the testimony was clearly relevant to show notice of the defect to defendant Duffy and that defendant Waggoner did not request cautionary instructions relating to the consideration of this testimony on the issue of his liability. In addition, defendant Waggoner did not object to the testimony on the ground of relevance, but objected solely on the ground of hearsay. In any event, we have held that the trial court did not err in permitting plaintiff to amend her complaint, based upon other evidence, and it is clear that this testimony was relevant to the issues raised by the amended allegations, even if not relevant to the original allegations.

As for whether the testimony comes within the requirements for "spontaneous statements" as an ex-

ception to the hearsay rule, an interesting question is presented. See McCormick on Evidence (2d ed 1972) 707, § 297, and 6 Wigmore on Evidence (3d ed 1940) 144-170, §§ 1750-1757.

■ Even if, however, it was error to receive this testimony, we hold that there was no substantial prejudice to defendant Waggoner because of other evidence which was properly received. Thus, defendant Duffy also testified not only that the removal of the indoor-outdoor carpeting was a "joint deal" between himself and Waggoner, but that after the carpet was removed (resulting in the condition described in the statement by Mr. Anspaugh, and as shown by photographs offered in evidence) he talked to Mr. Waggoner again. He also testified that "we saw the condition as it appears in the picture"; that he told Waggoner "that the sidewalk should be repaired" and that Mr. Waggoner said "we'll take care of it."

Defendant Waggoner also testified, on cross-examination and without objection, that "Mr. Duffy recognized the problem, and I agreed with him, and we agreed that something had to be done with it, and one of us had to do it, and so I went ahead and did it."

It is true that the testimony by Mr. Duffy was objected to as irrelevant. No assignment of error has been taken on this appeal based upon the overruling of that objection. Also, as previously noted, we have held that the trial court did not err in permitting plaintiff to amend her complaint to include allegations to which this testimony was clearly relevant, even if not relevant under her original complaint.

It follows, in our opinion, that because this testimony by defendant Duffy was properly received in evidence, and because of these admissions by defendant

Waggoner, we must reject his contention that he suffered substantial prejudice as the result of this testimony by the plaintiff.

We have also considered defendants' remaining assignments of error and find that they have no merit.

For these reasons, we affirm the judgment of the trial court.