## Ruth TOMPKINS v. Don DUNCAN

73-135                                    501 S.W. 2d 210

Opinion delivered November 13, 1973

*Jeff Duty*, for appellant.

*Sidney H. McCollum* and *Little & Lawrence*, for appellee.

John A. Fogleman, Justice. Appellant Ruth Tompkins was injured when the automobile driven by appellee Don Duncan struck her vehicle, which was stopped behind a school bus. She brought suit against appellee for injuries suffered by her. She appeals from a judgment based upon a jury verdict awarding her damages of $1,000. Her sole ground for reversal is that the jury verdict is grossly inadequate. Her hospital expenses were $55.25. The cost of replacing her glasses broken in the collision was $50.00. She was treated for a month or two by Dr. Billy V. Hall, whose bill was $89.00. She was examined two or three months after the collision by Dr. Coy Kaylor, whose bill to her amounted to $50.00. There was evidence that she had taken, and was still taking, medication, but there is no evidence as to its

cost. Appellant testified that she was "off work" three days. The abstract reveals no evidence as to present or future loss of earnings.

Appellant was 47 years of age, with a life expectancy of 25 years, according to the American Table of Mortality. She suffered injuries which, according to her testimony, left her with a stiff neck and headaches. She said that she still had continuous pain and that sitting at a desk for any length of time, as she must do as a clerical employee at Gravette Hospital, causes stiffness and tension in her neck for which she has taken pain pills. She also stated that she has a few problems with her normal household duties. She has played some golf since the incident, but said that she experienced difficulty. She drives her automobile, but testified that she has difficulty in backing it because she must turn her head and is unable to twist her neck.

Dr. Kaylor testified that Mrs. Tompkins suffered a 25% loss of motion of the cervical spine in all ranges, and evaluated her permanent disability to the body as a whole at 10 to 15%. He felt that Mrs. Tompkins will need to continue pain medication and muscle relaxants.

Appellant recognizes the impact of Ark. Stat. Ann. § 27-1902 (Repl. 1962) and such decisions as *Harlan* v. *Curbo,* 250 Ark. 610, 466 S.W. 2d 459, but argues that this particular verdict is so grossly inadequate on its face that it shocks one's sense of justice. She suggests that the award, in view of her injuries, should be considered as nominal. Neither the statute nor our decisions permit any exception because of gross inadequacy of any verdict when the damages are not susceptible of precise pecuniary measurement with reasonable mathematical certainty. See *Harlan* v. *Curbo,* supra; *Munson* v. *Mason,* 245 Ark. 686, 434 S.W. 2d 815; *Worth James Construction Co.* v. *Herring,* 242 Ark. 156, 412 S.W. 2d 838; *Law* v. *Collins,* 242 Ark. 83, 411 S.W. 2d 877.

This brings us to a consideration of appellant's claim that the damages should be considered as only nominal. In fixing an amount to be awarded as nominal

damages in *Cathey* v. *Arkansas Power & Light Co.,* 193 Ark. 92, 97 S.W. 2d 624, we said that the amount of nominal damages may be variable, dependent somewhat upon the amount of the recovery and the circumstances of the particular case. In that decision we followed and quoted extensively from *Western Union Telegraph Co.* v. *Glenn,* 8 Ga. App. 168, 68 S.E. 881. In that case it was recognized that the term was a relative one, which contemplated a trivial sum. These cases, of course, relate to the propriety of the amount awarded when the party recovering was only entitled to nominal damages, but the principles should be equally applicable when we attempt to distinguish between nominal and substantial damages, even though the words may have a slightly different shade of meaning in the different contexts. See Black's Law Dictionary, Third Edition; *Kluge* v. *O'Gara,* 227 Cal. App. 2d 207, 38 Cal. Rptr. 607 (1964). In the context of a case similar to this we made the distinction by considering nominal damages to mean damages in name only, not real or actual. *Riley* v. *Shamel,* 249 Ark. 845, 462 S.W. 2d 228. For the purpose of setting aside a personal injury judgment in the absence of any other error, as appellant seeks to do here, the inadequacy of damages not susceptible of reasonably precise pecuniary measurement will be considered as an appropriate ground only when the award of damages is so nominal as to amount to a refusal to assess damages. *Riley* v. *Shamel,* supra. See also, *Dunbar* v. *Cowger,* 68 Ark. 444, 59 S.W. 951; *Carroll* v. *Texarkana Gas & Electric Co.,* 102 Ark. 137, 143 S.W. 586; *Martin* v. *Kraemer,* 172 Ark. 397, 288 S.W. 903. When we consider that the verdict is more than four times the damages which are subject to precise mathematical determination, and that the excess amounts to more than $750, we cannot say the damages awarded were merely nominal rather than substantial, even though the verdict seems conservative.

The judgment must be affirmed.