RICHARDSON, J.
Defendant appeals a judgment of the district court awarding damages to plaintiff based on fraud. The defendant sold a used motorcycle to plaintiff and made certain representations concerning its condition during the negotiations. The trial court sitting without a jury found the representations were material, untrue and relied upon by plaintiff. Defendant makes three assignments of error. First, the granting of plaintiffs motion to amend his complaint during trial adding an allegation of reliance; secondly, the failure of the trial court to sustain an objection to a question concerning the alleged misrepresentations; and finally, that the judgment was not supported by substantial evidence. We affirm the judgment of the district court.
The plaintiffs complaint did not include an allegation that he relied on representations made by defendant and defendant objected to the admission of any evidence on this element. Reliance is a necessary allegation in an action for fraud. Rice v. McAlister, 268 Or 125, 519 P2d 1263 (1974); Conzelmann v. N. W. P. & D. Prod. Co.. 190 Or 332, 225 P2d 757 (1950). A motion to amend the complaint by interlineation alleging plaintiffs reliance on misrepresentations by defendant was granted by the trial court after the trial had begun. Defendant argues the amendment substantially changed the cause of action in the complaint which previously constituted merely a claim for breach of warranty.
The allowance of amendments to the pleadings during trial, where the defendant is not prejudiced thereby, is within the discretion of the trial court. ORS 16.390; Engelcke v. Stoehsler, 273 Or 937, 544 P2d 582 (1975); Eck v. Market Basket, 264 Or 400, 505 P2d 1156 (1973). ORS 16.390 provides:
“The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation *[666] material to the cause; and in like manner and for like reasons may, at any time before the cause is submitted, allow such pleading or proceeding to be amended, by striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved.”
Prior to the amendment, the allegations in the complaint were susceptible of interpretation as a claim for breach of warranty or fraud.
It does not appear that he was prejudiced by the court’s ruling in the presentation of his defense in any way. At the outset he requested plaintiff elect between the two alternative grounds of liability, and informed the court in his opening statement he believed the cause of action was in fraud.
The addition of reliance to the allegations in plaintiff’s complaint, completing the elements necessary for a claim in actionable fraud, merely made explicit what was previously the implicit understanding of the parties. Under these circumstances, we do not find that the amendment prejudiced the defendant. See Eck v. Market Basket, supra; Konen Const. Co. v. U.S. Fid. & Guar. Co., 234 Or 554, 380 P2d 795 (1963) and Clement v. Cummings, 212 Or 161, 317 P2d 579 (1957). There was no abuse of discretion in granting the motion to amend.
The second assignment of error concerns the form of the allegations in the complaint. During examination of the defendant by the plaintiff, defendant objected to a question concerning representations he allegedly made to plaintiff. He argued there was no allegation in the complaint that any representations made were made to the plaintiff. The complaint alleged that defendant made certain representations about the engine of the motorcycle which were relied upon by plaintiff and caused his damage in the amount of $400. The allegations do not specifically *[667] state that the representations were made by the defendant to the plaintiff.
 Perfection in pleading is not required. As long as the points in dispute are sufficiently revealed so that the opponent is on notice of what he must meet and the court has sufficient information to rule upon the questions which arise during trial, the pleadings have served their function. Donahoe v. Eugene Planing Mill, 252 Or 543, 450 P2d 762 (1969); Perkins v. Standard Oil Co., 235 Or 7, 383 P2d 107, 383 P2d 1002 (1963). There is no question the defendant and the court were fully apprised by the complaint that the plaintiff was alleging certain representations were made to him by the defendant. There was no error in allowing plaintiff to present evidence the representations were made to him.
Defendant’s final assignment of error is that the findings of the court below are not supported by any substantial evidence. The court found the statements that the motorcycle was " 'in fine running condition’ ” and that the cylinders on it were bored .030 over standard size, were material misrepresentations made by the defendant with the intent that plaintiff rely upon them. The statements were found to not be mere "sellers’ puffing” since the evidence showed defendant had assembled the engine and appeared to have the expertise to know that the engine was not " 'in fine running condition.’ ” The court further found these misrepresentations were either intentionally made or made with a reckless disregard of their truth or falsity and that they were relied upon by plaintiff. There was substantial evidence in the record to support these findings.
Affirmed.