WILLIAM MICHAEL MacCUBBIN ET UX. *v.* FRANCIS XAVIER WALLACE ET AL.

[No. 955, September Term, 1978.]

*Decided April 19, 1979.*

The cause was argued before LOWE, MELVIN and LISS, JJ.

*Bernard Brager* for appellants.

*Robert L. Simmons,* with whom were *C. Russell Fields* and *Simmons & Fields* on the brief, for appellees.

LOWE, J., delivered the opinion of the Court.

Appellants appeal from judgments in their favor for damages resulting from an automobile accident. The claims

are that the jury in the Baltimore City Court provided inadequate compensation generally, and no damages for loss of consortium specifically. Appellants also complain that evidence of recompense from a collateral source was introduced; however, the issue was not preserved for our review, either by objection, Md. Rule 522, or by request for instruction. Md. Rule 554.

The Court of Appeals reiterated in *Rephann v. Armstrong,* 217 Md. 90, 93 (1958) and subsequent cases, that the size of the verdict is almost never a matter for review by the Court. *See Leizear v. Butler,* 226 Md. 171, 177-179 (1961), and cases cited and discussed therein; *Johnson v. Zerivitz,* 234 Md. 113, 118 (1964); *Abraham v. Moler,* 253 Md. 215, 219 (1969). Nothing in the present case suggests an exception to the rule.

If the adequacy of the verdict were subject to our review, we could say no more than that the declination of the jury to compensate for loss of consortium in any dollar amount, in the face of evidence of apparent incapacity during hospitalization, is peculiar perhaps, but not error. Nor can we say that the jury disregarded the consortium instructions, the propriety of which we note appellants do not question.

To the contrary, however, (although not noted by appellant) is the Florida appellate court's ruling in *Kinne v. Burgin,* 311 So. 2d 695 (Fla. App. 1975), where the woman's husband had also been injured in an automobile accident. The court held that the jury's zero award to the wife's consortium claim was improper and susceptible to an objective conclusion that the jury had not considered the wife's damages as instructed by the court. The consortium portion of the case was severed and remanded for consideration by a jury of the competent and uncontradicted testimony of the impact that the injury had had upon the couple's marital relations, and specifically of the wife's consortium loss. *See* Annot., 74 A.L.R.3d 805, 830 (1976). We wonder, however, what the appellate court would do if the second jury also returned a zero verdict.

Whatever the rule is elsewhere, in Maryland the policy of seldom reviewing damages in jury verdicts extends to a monetary award of zero for one element of an injury (*e.g.,* for pain and suffering), despite the jury's acknowledgment of the

injury by awarding medical and special damages for it. *Leizear v. Butler, supra.* The adequacy of such a verdict is not reviewable on appeal under the decisions of the Court of Appeals, even where it includes *no* compensation upon a specific claim of damage. *Id.* at 179.

Loss of consortium, as used in Maryland, means the loss of society, affection, assistance and conjugal fellowship. *Deems v. Western Maryland Ry.,* 247 Md. 95, 100 (1967). It "includes" the loss or impairment of sexual relations. *Id.* Appellants contend that the husband's hospitalization for nearly three weeks conclusively proves their lack of access to each other. They argue that the wife was obviously deprived of sexual relations for at least that period of time, and is ipso facto entitled to monetary compensation.

Appellants' argument requires that all jurors must value the sexual element of consortium pecuniarily. We would be compelled to rule so — as a matter of law — if we accept appellants' argument. But we cannot preclude the possibility that twelve jurors may consider marital sexual relations so valuable as to transcend dollar evaluation, or, on the contrary, so insignificant as to be monetarily valueless for the period of deprivation. Indeed, they may have felt that the other elements of consortium — affection and platonic society — were enhanced by the hospitalization, offsetting the impairment of sexual relations. Whatever may have been their reasons, "verdicts cannot be upset by speculation or inquiry into such matters." *Dunn v. United States,* 284 U. S. 390, 394; *Ledbetter v. State,* 224 Md. 271, 273 (1961). It is enough that the question was considered, and the record is clear in that regard:

> "As to the claim of William M. MacCubbin, the plaintiff, versus Francis X. Wallace, the defendant, do you find for the plaintiff or for the defendant?
>
> THE FORELADY: Plaintiff.
>
> THE CLERK: At what amount do you assess damages?
>
> THE FORELADY: $20,000.
>
> THE CLERK: As to the claim of William M. MacCubbin and Margaret MacCubbin, the plaintiffs,

and Francis X. Wallace, the defendant, do you find for the plaintiff or for the defendant?

THE FORELADY: Nothing awarded.

THE COURT: Question is whether you found in favor of the plaintiff or the defendant. I suppose you are saying it was in favor of the plaintiff but you are not awarding any damages, is that it?

THE FORELADY: That's right.

THE COURT: Plaintiff's verdict but no damages."

Although the result reached was not error, the judicial jargon chosen by the judge to interpret the jury's verdict was somewhat misleading. The effect of a finding of "no damages" in a negligence case is not compatible with a "plaintiff's verdict". Damage (or injury) is an essential element of actionable negligence just as are "duty" and "breach" essential elements of a negligence plaintiff's proof. When there is a finding by a jury that one or more of these elements is missing the cause of action fails. *Richardson v. Boato,* 207 Md. 301, 305 (1955); *accord, Peroti v. Williams,* 258 Md. 663, 668-669 (1970).

The correct interpretation of the jury's finding was that they had found the defendant at fault (or to have been the cause of the accident), but that the proof of any loss of consortium was wanting. The verdict as to that count was in reality a defendant's verdict. A negligence case is in sharp contrast with the cases of the intentional tort which carry with them a presumption of injury, upon proof of which, at least nominal damages must be awarded. *See, e.g., Mason v. Wrightson,* 205 Md. 481, 489 (1954). The jury has found no damage and we will not gainsay its finding.

*Judgment affirmed.*
*Costs to be paid by appellants.*