## Marie TAYLOR *v.* Sheffield Britt BOSWELL

81-53                                              614 S.W. 2d 505

### Supreme Court of Arkansas
### Opinion delivered April 27, 1981

*Patten, Brown & Leslie*, by: *Charles A. Brown*, for appellant.

*Matthews & Sanders*, by: *Gail O. Matthews, P.A.*, for appellee.

GEORGE ROSE SMITH, Justice. This is a suit by Marie Taylor for personal injuries she sustained on October 20, 1977, in a minor traffic collision in the city of Bryant. At the time Mrs. Taylor was riding on the passenger side of the car with her husband. The jury could have found that their car was barely moving when the appellee, in backing out of a driveway at slow speed, struck the right front fender of the Taylors' car. Mrs. Taylor testified that her right hip was bruised when she hit the arm rest of her car. Her doctor, on being asked if he found any bruise in that area when he

examined her eight days later, answered: "Not that I recall." Mrs. Taylor argues that the $633.10 verdict in her favor is inadequate. The appeal comes to us under Rule 29 (1) (o).

Civil Procedure Rule 59 has superseded our former statute with respect to new trials on account of the smallness of the verdict. Ark. Stat. Ann. § 27-1902 (Repl. 1962). Rule 59 merely provides that a new trial may be granted for "error in the assessment of the amount of recovery, whether too large or too small." Our former rule was that when the verdict was for a substantial amount, as this one is, the trial judge's denial of a new trial for inadequacy of the award would not be reversed unless there was other error or the evidence definitely established a pecuniary loss in excess of the verdict. *Bittle* v. *Smith*, 254 Ark. 123, 491 S.W. 2d 815 (1973). We need not determine to just what extent our law has been changed by Rule 59, because the appellant would not be entitled to a reversal even under the superseded statute and the former case law.

Inadequacy of the verdict being the only asserted error, Mrs. Taylor would formerly have been required to prove that her actual pecuniary injuries, apart from pain and suffering, were more than $633.10. Mrs. Taylor relies upon medical and drug bills totaling $1,194.24 to establish her pecuniary injuries, but the difficulty is that the jury was not required to attribute all those bills to the 1977 traffic mishap. Some years earlier Mrs. Taylor had been in a more serious accident. She had, before the present accident, undergone seven surgical procedures that included three back operations, two "C-sections," a hernia repair, and a hysterectomy. After the 1977 accident she had two more unrelated operations, a hernia repair and a bladder repair. She was drawing Social Security disability before the 1977 accident, wore a back brace before and after that occurrence, and received medication in connection with her operations. Her doctor testified that as a result of her long medical history she was more vulnerable to injury than the average person and could be hurt by missing a step or sleeping in an awkward position. The jury could have found that her bruised hip was a trivial injury. Her medical bills, extending over a period of more than two and a half years after the 1977

mishap, could certainly have been attributable in some degree to other causes. The trial judge did not find the award to be against the weight of the evidence. We defer to his judgment, there being ample substantial evidence to sustain the verdict. *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W. 2d 572 (1981).

Affirmed.

HOLT, J., not participating.