Billy WATERFIELD et ux *v.* James QUIMBY et ux

82-130                                                        644 S.W.2d 241

Supreme Court of Arkansas
Opinion delivered December 6, 1982

474

*Denver L. Thornton,* for appellants.

*Griffin, Rainwater & Draper,* by: *Paul S. Rainwater,* for appellees.

FRANK HOLT, Justice. This is a personal injury action arising out of an automobile accident on January 15, 1974, in which appellant Brenda Waterfield allegedly suffered back injuries. The jury awarded her $1,000. Her husband, appellant Billy Waterfield, was awarded no recovery on his action for loss of consortium and his wife's medical expenses. The appellants filed a motion for a new trial and a motion to vacate the order, both of which were denied. We affirm.

The appellants first assert that the trial court erred in sending the typed instructions to the jury, which instructions contained crossed out but not obliterated words and handwritten alterations. Admittedly, no objection was made, but the appellants argue that there was no opportunity to object because the trial court did not allow counsel to review the instructions before they were given to the jury. Instead, the instructions were merely handed to the jury.

We agree with the appellees that the record reflects the court and counsel for the parties reviewed the proposed instructions in a conference out of the hearing of the jury, during which there were various objections to some of them by both parties. For instance, counsel for the appellants referred specifically, *inter alia,* to the court's handwriting when he said: "The Court has handwritten as indicated that he would not give the value of any earnings lost." This was plaintiffs' requested instruction No. 18 (AMI 2201), which was given as modified by the court. A notation on this instruction reads "obj. to mod." A similar objection was noted to the court's modification of plaintiffs' instruction No. 19 which the court deleted that part permitting recovery for future medical expenses. The record reflects that the other instructions were also discussed. Further, after closing arguments, the court stated to the jury:

> . . . [Y]ou've now heard the arguments of counsel, as well as the testimony of the witnesses and the exhibits received in evidence and the instructions of law that have been given you by the Court. So that you won't have to be passing a lot of messages back and forth, I'm going to go ahead and let you take to the Jury Room with you the instructions. . . .

The court then gave the jury a lengthy explanation of their responsibilities and the verdict forms before the instructions were handed to the jury without any objection being interposed.

We agree with the appellees that the record sufficiently establishes that counsel for the appellants had an opportunity to object to the action of the court but did not do so.

Accordingly, we need not address this contention on appeal. *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980). Furthermore, it is within the trial court's discretion, even though one of the parties objects, to permit the jury to have the written instructions in the jury room during deliberation. *Gambill* v. *Stroud,* 258 Ark. 766, 531 S.W.2d 945 (1976). In any event, no prejudice has been shown. The instructions were read to the jury by the court. Nothing in them was confusing or illegible as a result of the handwritten modifications or the crossed out but unobliterated words. See ARCP, Rule 16, *Missouri Pacific Railroad Company* v. *Watt,* 186 Ark. 86, 52 S.W.2d 634 (1932); *Eck* v. *Market Basket,* 264 Or. 400, 505 P.2d 1156 (1973); and *Universal Investment Co.* v. *Carpets, Inc.,* 16 Utah 2d 336, 400 P.2d 564 (1965).

The appellants next argue that the verdict is invalid because damages were awarded to Mrs. Waterfield but not to Mr. Waterfield. Although Mr. Waterfield testified that he paid the medical expenses, Mrs. Waterfield testified that she paid them and then that Mr. Waterfield paid them. It was possible, therefore, for the jury to conclude that it was compensating Mrs. Waterfield for the medical expenses incurred by her injuries when it awarded her $1,000. The total medical expenses were $176.60.

With respect to the issue of whether the verdict is inconsistent because no loss of consortium recovery is awarded to the spouse of the injured party, we agree with the cases holding that the jury need not, as a matter of law, give a pecuniary award for loss of consortium where damages are awarded to the injured spouse. It appears there is no fixed standard for ascertaining compensatory damages for loss of consortium. See *MacCubbin* v. *Wallace,* 42 Md. App. 325, 400 A.2d 461 (1979); and *Cook* v. *Sweatt,* 282 Ala. 177, 209 So.2d 891 (1965). Further, the only testimony on the loss of consortium was that of the appellants. The jury is not required to believe the testimony of any witness, particularly interested parties, since the testimony of interested parties is considered disputed as a matter of law. *Bittle* v. *Smith,* 254 Ark. 123, 491 S.W.2d 815 (1973); *Zero Wholesale Gas Co., Inc.* v. *Stroud,* 264 Ark. 27, 571 S.W.2d 74 (1978).

Appellants argue that the verdict must be set aside because of jury misconduct. This contention is based upon an affidavit from one juror stating remarks that allegedly were made by jurors describing the discussions during the course of jury deliberations. This affidavit plainly violates Rule 606 (b), Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1977), which provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to asset [assent] to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received, but a juror may testify on the questions whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.

To that effect see *Martin* v. *Blackmon,* 277 Ark. 190, 640 S.W.2d 435 (1982); *Ashby* v. *State,* 271 Ark. 239, 607 S.W.2d 675 (1980); *Sanson* v. *Pullum,* 273 Ark. 325, 619 S.W.2d 641 (1981); and *Veasey* v. *State,* 276 Ark. 457, 637 S.W.2d 545 (1982). Since this affidavit is inadmissible, there is no evidence of juror misconduct.

The appellants also contend that a new trial should be granted because the award of $1,000 to Mrs. Waterfield is inadequate. In cases predating the Arkansas Rules of Civil Procedure, we held that a jury verdict will not be set aside because of inadequacy of damages where the damages are not susceptible to reasonably precise pecuniary measurement, unless the award is so nominal as to amount to a refusal to assess damages. *Bittle* v. *Smith, supra;* and *Tompkins* v. *Duncan,* 255 Ark. 491, 501 S.W.2d 210 (1973).

In *Taylor* v. *Boswell,* 272 Ark. 354, 614 S.W.2d 505 (1981), we said:

Civil Procedure Rule 59 has superseded our former statute with respect to new trials on account of the smallness of the verdict. Ark. Stat. Ann. § 27-1902 (Repl. 1962). Rule 59 merely provides that a new trial may be granted for 'error in the assessment of the amount of recovery, whether too large or too small.' Our former rule was that when the verdict was for a substantial amount, as this one is, the trial judge's denial of a new trial for inadequacy of the award would not be reversed unless there was other error or the evidence definitely established a pecuniary loss in excess of the verdict. *Bittle* v. *Smith*, 254 Ark. 123, 491 S.W.2d 815 (1973). We need not determine to just what extent our law has been changed by Rule 59, because the appellant would not be entitled to a reversal even under the superseded statute and the former case law.

As in *Taylor* we need not address the question of whether Rule 59 (a) (5) changes the Arkansas law in this area. (See *Reporter's note to Rule 59.*) The jury's award of $1,000 was more than five times the amount of the precisely proven medical expenses attributable to the accident. Therefore, whether viewed in light of the older Arkansas cases or the language of Rule 59 (a) (5), no new trial is called for due to inadequacy of damages.

The appellants also contend that the verdict is not supported by substantial evidence. Upon appeal, in testing the sufficiency of the evidence, we consider only the evidence of appellee or that part of all the evidence most favorable to the appellee and affirm if there is any substantial evidence to support the jury's finding. *Thrifty Rent-A-Car* v. *Jeffrey*, 257 Ark. 904, 520 S.W.2d 304 (1975). Here, one physician testified that Mrs. Waterfield had sustained no permanent impairment as a result of her injury. The jury also could infer that Mrs. Waterfield's injuries were not serious from the fact that she had not been treated for her injuries since 1977 and that she had been treated on only a few occasions between the accident of February 15, 1974, and 1977. We conclude that the verdict was supported by substantial evidence.

The appellants contend that the trial court erred in refusing to instruct the jury as to the value of earnings lost, loss of ability to earn in the future, disfigurement, and future medical care. There is no evidence of disfigurement in the record. As to the value of lost earnings, Mrs. Waterfield testified that she could not remember losing any income from missing work because of her injuries sustained in the accident. She testified that she was not working at the time of the accident, but that she had previously worked as a secretary and estimated that she could earn $700-$800 per month in that occupation. However, she had not sought secretarial work because *she did not think* she could function as a secretary due to her back injuries. For about three years prior to trial, she had worked as a teacher's aide and library assistant at a local school. She had missed only one day of work due to her back problem and had lost no income. Her earnings were, at the time of trial, $460 per month for nine months each year. Her regular physician testified that he would hesitate to recommend her for work involving bending, twisting, lifting and stooping. An orthopedic surgeon called by the plaintiffs testified that her back injuries would preclude her from doing heavy manual labor. In our view, no basis was established upon which the jury could have concluded, except by speculation, that a loss of ability to earn as a secretary was established with reasonable certainty. *Swenson* v. *Hampton,* 244 Ark. 104, 424 S.W.2d 165 (1968); and *Check* v. *Meredith,* 243 Ark. 498, 420 S.W.2d 866 (1968).

With respect to the future medical expenses, one physician stated that Mrs. Waterfield *may* have to take medication for the rest of her life. There was, however, no evidence of the cost of any such future medication. Of the total $176.60 medical expenses incurred during the seven years since the accident, the most recent expense had been incurred in November 1977, some four years prior to the trial. Any award for future medical expenses would have had to have been made on the basis of speculation and conjecture. There was a total lack of evidence as to what medical expenses, if any, appellants would incur in the future as a proximate result of her injuries. Therefore, there was insufficient foundation or basis established for a future

award of medical expenses here. *Roy* v. *Atkins,* 276 Ark. 586, 637 S.W.2d 598 (1982). Accordingly, the trial court did not err in refusing to instruct on future medical expenses.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion affirming this case. I think it should be reversed and remanded for a new trial for reasons which will be set out below.

The majority dealt with the argument relating to alleged erroneous instructions. For example, plaintiffs' requested instruction No. 19 (AMI 2201) was deleted in the following manner:

(1) The reasonable expense of any necessary medical care, treatment and services received. and the present value of such expenses reasonably certain to be required in the future.

Plaintiffs' instruction No. 18 (AMI 2201) was also modified by the court as follows:

*First,* the nature, extent, and duration and permanency of any injury, and whether it is temporary or permanent. (2202(c). In this regard you should consider the full extent of any injury sustained, even though the degree of injury is found by you to have proximately resulted from the aggravation of a condition that already existed and that predisposed Brenda Waterfield to injury to a greater extent than
another
any person. (2203)

*Second,* any pain and suffering, and mental anguish, experienced in the past and reasonably certain to be experienced in the future. (2205)

*Third,* the value of any earnings lost. (2206)

*Fourth,* the present value of any loss of ability to earn in the future. (2207)

*Fifth,* any disfigurement and visible results of her injury.

Testimony by more than one physician was to the effect that appellant, Brenda P. Waterfield, would not be recommended for work involving bending, stooping, twisting and lifting. One orthopedic surgeon testified her injuries would preclude her from doing heavy manual labor. She was given a 10% permanent partial rating to the body as a whole by at least one doctor. In view of this medical testimony, I am positive that it was error for the court to delete that portion of the instruction relating to the permanency, as well as the loss of ability to earn in the future. The appellant testified she lost at least one day of work and that she had to stay in a stooped or bent position after sitting for any length of time. I think this is evidence from which the jury could have found she had lost wages and that she had visible results of her injury. Also, I think it was error for the court to delete that portion of the instruction relating to the present value of medical expenses reasonably certain to be required in the future. More than one doctor unequivocally stated she probably would have to take medication for the rest of her life.

The majority held that it was not error or the verdict was not invalid because no damages were awarded to the husband. At least the testimony was amgibuous as to which of the parties had paid medical expenses incurred. Certainly, the husband had the duty to pay this and he would, no doubt, have the duty to pay future medical expenses. Although we have not previously ruled on the matter of the invalidity of a verdict when a pecuniary award for loss was made to the injured spouse and denied to the one not receiving personal injury, I think we should have taken the other course and held such verdict to be invalid.

The majority held, in accordance with our prior cases, that an affidavit from a juror could not be introduced on anything except whether outside influence or extraneous

prejudicial information was brought to the jury's attention. I think our prior rulings, including this one, are too restrictive in this manner. For example, one juror stated the husband was probably out at the time of the accident conducting himself in a manner not appropriate for a married man. I am sure this was not presented as proper evidence. Therefore, at least one juror considered extraneous prejudicial information.

For the above reasons I would reverse and remand for another trial.