(674 P.2d 1064)

No. 55,190

WAYNE L. BRISCOE, *Appellant,* v. LARRY D. EHRLICH, *Appellee.*

Opinion filed January 19, 1984.

*Janet Smith* and *Jerry K. Levy* of Jerry K. Levy, P.A., of Topeka, for the appellant.

*Tom Berscheidt* of Ward & Berscheidt, of Great Bend, for the appellee.

Before SPENCER, P.J., JEROME HARMAN, C.J. Retired, assigned, and STEVEN P. FLOOD, District Judge, assigned.

FLOOD, J.: This is an appeal from a jury verdict finding no damages in appellant-husband's loss of consortium action. The verdict was reached in a malpractice action against appellant's former attorney, and the negligence and liability of appellee had been admitted.

Wayne and Kathryn Briscoe were married in 1973 and they had one child. On August 4, 1976, Kathryn was severely burned in a gas explosion. She was hospitalized for five weeks and unable to resume any normal duties and activities for six months. She and her husband moved to live with her parents and her husband cared for his wife and child.

In 1977 they moved to Hays so Wayne could enroll in Fort Hays Kansas State University. Wayne graduated in 1980 and enrolled in Washburn Law School. During the years at Fort Hays, marital problems developed with Kathryn seeking counseling and Wayne staying away from home. Upon graduation they separated and both apparently started dating other persons. Financial problems were involved and, when Wayne went to law school, Kathryn sought welfare assistance. Ultimately Wayne divorced Kathryn in March of 1981.

Wayne and Kathryn Briscoe had hired appellee Larry Ehrlich,

a lawyer, to bring suit for Kathryn's personal injuries. Appellee failed to include a cause of action for Wayne's loss of consortium. Appellee's employment was terminated before trial, but Kathryn ultimately made a recovery in her suit.

During law school Wayne discovered that he had a cause of action for loss of consortium but the statute of limitations had run. He then filed suit against appellee for malpractice. Appellee stipulated to his negligence and the case was submitted to the jury on damages. At trial, the plaintiff limited his damages to the period of time from the explosion to the date of divorce and he and his ex-wife were the only witnesses to testify as to his damages.

The jury returned a verdict for zero damages. Appellant appeals from the jury verdict and the denial of a motion for new trial.

Kansas recognizes a legal cause of action for loss of consortium. Elements of damage include loss or impairment of ability to perform services in the household and in discharge of domestic duties. K.S.A. 23-205. Following PIK Civ.2d 9.02, the trial court properly instructed the jury in these elements. The jury found plaintiff had no damages. This is not an inadequate award, it is a negative finding against the party with the burden of proof. Absent arbitrary and capricious disregard of undisputed evidence or some extrinsic consideration such as bias, passion or prejudice on the part of the jury, such finding cannot be disturbed. *Schroeder v. Richardson,* 196 Kan. 363, Syl. ¶ 6, 411 P.2d 670 (1966).

Generally, an inadequate verdict in the face of uncontroverted testimony indicates passion and prejudice and justifies the granting of a new trial. *Putter v. Bowman,* 7 Kan. App. 2d 323, 327, 641 P.2d 411, *rev. denied* 231 Kan. 801 (1982). Nor can a jury disregard uncontroverted and unimpeached testimony or the only evidence upon a material question in controversy and return a verdict in direct opposition. *Lorbeer v. Weatherby,* 190 Kan. 576, 580, 376 P.2d 926 (1962).

However, Kansas has not had occasion to apply these principles in a loss of consortium case. In other jurisdictions there is a split of authority as to the application of these general principles with respect to loss of consortium. Many authorities do hold that a verdict for no damages in such a case requires a new trial.

*Smith v. Covell,* 100 Cal. App. 3d 947, 161 Cal. Rptr. 377 (1980); *Manders v. Pulice,* 102 Ill. App. 2d 468, 242 N.E.2d 617 (1968), *aff'd* 44 Ill. 2d 511, 256 N.E.2d 330 (1970); *Albritton v. State Farm Mut. Auto. Ins. Co.,* 382 So. 2d 1267 (Fla. App. 1980).

Other authorities have determined that the testimony of husband and wife in a loss of consortium case is so uniquely irrefutable as to permit a jury the latitude of a negative finding. See *Schmitz v. Yant,* 242 Or. 308, 318, 409 P.2d 346 (1965), quoted in *Streight v. Conroy,* 279 Or. 289, 291, 566 P.2d 1198 (1977), as follows:

"We believe the relations between husband and wife brought into question by an action for loss of consortium, whether relating to respective hours worked in a family business or other conjugal associations, are of so intimate a character that the question of damages almost always is one where a jury may properly test the credibility of the witnesses. *Huber v. May,* 239 Or. 544, 398 P.2d 481 (1965). Not only is the availability of evidence to contradict almost nil, but plaintiff has a direct interest in the outcome and her husband a very material indirect interest as well. We believe it to be a case in which the jury could properly withhold damages."

Since there are no fixed standards in determining loss of consortium, other courts have simply refused to review the jury's verdict. *Waterfield v. Quimby,* 277 Ark. 472, 644 S.W.2d 241 (1982); *MacCubbin v. Wallace,* 42 Md. App. 325, 400 A.2d 461 (1979).

Without trying to ascertain a majority position, we believe the reasoning of the Oregon court is persuasive in this case. The only damage testimony was that of Wayne and Kathryn Briscoe. Wayne had a considerable financial interest in the outcome and, while Kathryn had none, she testified that she was still in love with Wayne. Wayne's testimony concerning his feelings with respect to his ex-wife was frequently at variance with his behavior, raising serious issues concerning his credibility. Rather than a loss of domestic services, the evidence is susceptible of the interpretation that Wayne rejected his wife's domestic services from motives the jury found to be improper. The jury did not, therefore, reject uncontroverted testimony on a material point and their negative finding should stand.

Affirmed.