SABER MANUFACTURING COMPANY *v.* Tim D. THOMPSON

84-298                                    689 S.W.2d 567

Supreme Court of Arkansas
Opinion delivered May 28, 1985

*Wright, Lindsey & Jennings*, for appellant.

*J. Lamar Porter*, for appellee.

GEORGE ROSE SMITH, Justice. This is a suit for personal injuries suffered by Tim D. Thompson while he was inflating a tire on a racing wheel manufactured by the defendant, Saber Manufacturing Company. The jury's verdict awarded Thompson $21,172.00. His motion for a new trial was granted by the trial judge. Saber appeals from that order, arguing that the trial judge abused his discretion in granting a new trial. Our jurisdiction includes cases presenting an issue of tort law. Rule 29(1)(o).

Thompson was deliberately overinflating the tire to stretch it out of shape so that it could be raced at abnormally low pressure — a widespread practice known to Saber as a manufacturer of racing wheels. A defect in the seam by which the two halves of the wheel had been welded together caused the wheel to separate at the seam with explosive force. At the time, Thompson was reaching with both arms across the wheel, which was lying on the floor. The upper half of the wheel was driven upward, lifting Thompson into the air and breaking both his forearms. Thompson was disabled for about eight weeks, including substantial hospi-

talization, lost his wages of $500 a week, suffered great pain and injuries both permanent and disfiguring, and incurred medical expenses totaling $21,172.10. The jury's verdict of $21,172.00 was in the amount of the medical expenses, less the odd ten cents.

The trial judge, in granting a new trial, properly specified his reasons. Rule 16, Uniform Rules for Circuit and Chancery Courts. He first said that the jury had awarded only the medical expenses, with nothing for Thompson's other elements of damage. That result, the judge decided, could not be based on comparative fault, for Thompson's negligence was minimal but Saber's was gross. The judge held, second, that the small amount of the verdict was clearly against the preponderance of the evidence.

Our rule in reviewing an order granting a new trial is to affirm unless the trial court has clearly abused its discretion. *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982). Saber seeks to demonstrate an abuse of discretion by showing that even if the jury did award only the medical expenses, $21,172, the other damages susceptible of precise pecuniary measurement, such as the lost wages, were less than the amount of those expenses. Hence the jury, in awarding Thompson more than 50% of his total measurable pecuniary loss, could have arrived at the amount of its verdict under the doctrine of comparative fault. Counsel cite *Tompkins* v. *Duncan*, 255 Ark. 491, 501 S.W.2d 210 (1973), to support their argument. Counsel conclude: "Tim Thompson cannot complain about the failure of the jury to award damages for his scars, his pain and suffering, and his permanent injury because none of those elements of damage can be determined precisely." Two other cases, both involving similar computations of measurable pecuniary losses, are also cited. *Ferguson* v. *Graddy*, 263 Ark. 413, 565 S.W.2d 600 (1978); *Law* v. *Collins*, 242 Ark. 83, 411 S.W.2d 877 (1967).

The flaw in Saber's argument is simply that the principle followed in those three cases, and in others, is no longer the law in Arkansas. It is true that our present Rule of Civil Procedure provides, in the exact language of an earlier statute, that a new trial may be granted for "error in the assessment of the amount of recovery, whether too large or too small." Rule 59(a)(5); Ark. Stat. Ann. § 27-1901 (Repl. 1962). The trouble is that Section 27-1901 was qualified by the next section, 27-1902,

which provided that a new trial shall not be granted on account of the smallness of damages in an action for personal injuries "where the damages shall equal the actual pecuniary injury sustained." That section was quoted and relied on in *Law* v. *Collins, supra*, and was cited and followed in both the other two cases now being urged by Saber. The section was part of the Civil Code and remained in force for over a century. It was specifically repealed by the supersession section of our per curiam order adopting the procedural rules. *See* Compiler's Notes to the Rules of Appellate Procedure, Rule 1; Ark. Stat. Ann., Vol. 3A, p. 460 (Repl. 1979).

■■ Without the superseded Section 27-1902, Civil Procedure Rule 59(a), as amended in 1982, provides that a new trial may be granted for either of two reasons pertinent here: The recovery is too small, or the verdict is clearly contrary to the preponderance of the evidence. The trial judge did not abuse his discretion in granting a new trial for both those reasons. He could fairly find that the jury failed to take into account all the elements of Thompson's total damage in awarding only the amount of the medical expense. It is perhaps true that the jury was motivated by Thompson's testimony that he evaded his federal and state income tax liability by persuading his employer to pay him in cash and by filing no income tax returns. But the trial judge could fairly take the view that the remedy for income tax fraud lies in the tax statutes, not in reducing an injured person's recovery for personal injuries. We find no abuse of discretion by the trial court.

Affirmed.